517 So.2d 70 (1987)
P.S. FARRINGTON, Dr. Robert Eid, John Freidlander, Earl Schnell, Richard Levy and Mildred Levy, Joseph H. McNamara, Anna Barbaro, Dorothy Evans, 1800 Atlantic Developers, and William Mulvaney, Appellants,
v.
CASA SOLANA CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 87-226.
District Court of Appeal of Florida, Third District.
December 15, 1987.
*71 Levy & Liszewski and Leonard Liszewski, Ft. Myers, for appellants.
Becker, Poliakoff & Streitfeld, Fort Lauderdale, and David H. Rogel, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
Farrington and other Casa Solana condominium unit owners appeal from a final judgment of the Circuit Court of the Sixteenth Judicial Circuit, Monroe County, entered in favor of the Casa Solana Condominium Association (Association). Appellants seek to estop a special assessment for building repairs and a payment of legal fees from association funds as determined by the Association's Board of Directors (Board). We affirm the trial court's decision.
Casa Solana received its charter for incorporation in 1979, at which time the Association executed a contract with Realty and Management Associates (Management) for maintaining the one hundred and eleven unit condominium. Richard Levy, a unit owner, was a partner in the management firm.
In 1982, at Levy's direction, Management received a written report from an engineering company regarding needed building repairs and waterproofing work. The report revealed that major cracks permeated the building's stucco exterior. After notification of the defects, the developer made some repairs but the building's condition remained generally unchanged and several interior units were water damaged. The Association initiated a suit against the developer for damages.
Repair bids solicited by the Association were approved by the Board at its August meeting. Unit owners were given notice of a special assessment for external building repairs, replacement of windows and interior unit repairs.
Farrington and other unit owners filed suit against the Association seeking an injunction and a declaratory judgment, alleging the Association should be estopped from contracting for the repair work because the assessment for repairs was improper. They claimed the Association's annual budget, submitted by the Board and adopted at the annual meeting, intentionally failed to mention the costs of either the building repairs or the lawsuit. Their requests were denied.
At the non-jury trial, testimony of the Association president was heard as was the expert opinion of an engineer. The court concluded that the declarations and by-laws of the Association allowed a special assessment to be made in the event of an immediate or emergency need and that, after hearing the opinions of engineers, architects and legal counsel, the Board used its "business judgment" in determining a special assessment was needed immediately for building repairs and sealing. The court also found that the Board had followed the procedures of the Condominium Act, Chapter 718, Florida Statutes (1985), which required notice of the meeting at which they discussed and passed the special assessment as well as the requirement that notice be sent or delivered to each unit owner indicating the specific purpose or purposes *72 of the special assessment that was approved.
In making the determination that the Casa Solana Condominium Association was the prevailing party in this action, the court relied upon Cottrell v. Thornton, 449 So.2d 1291 (Fla. 2d DCA 1984), for the proposition that no vote of unit owners is required when the work done is not a material or substantial alteration or addition to the common elements. Lake Region Packing Ass'n, Inc. v. Furze, 327 So.2d 212 (Fla. 1976), and Papalexiou v. Tower West Condominium, 167 N.J. Super. 516, 401 A.2d 280 (Sup.Ct.N.J. 1979), which cite Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975), support the court's finding that it will not supplement its judgment for that of the Board. The "business judgment rule" will protect a corporation's board of directors' business judgment as long as the board acted in a "reasonable" manner in passing the special assessment.
Accordingly, we find appellants' claim of error relative to the trial court's denial of their requests to be without merit.
Affirmed.