PER CURIAM.
John Doe, as surviving spouse and personal representative of the Estate of Jane Doe, and John Doe, individually, appeal a final summary judgment entered in favor of appellees North Okaloosa Medical Center (NOMC) and Mozelle Folmar, and a dismissal with prejudice in favor of appel-lee S. Ray Tresch, in the Does’ lawsuit seeking damages for battery, negligence, intentional infliction of emotional distress, fraud, and civil conspiracy.[1] The instant action was based upon Jane Doe’s allegations that she was raped anally by a radiology technician employed by NOMC during an out-patient CT scan procedure at NOMC, and that a release executed by Jane Doe (now deceased), and John Doe, her husband, was fraudulently induced by NOMC, its risk manager, and its attorney. Appellant does not seek review of the summary judgment and dismissal granted as to counts III, IV and V. Accordingly, we affirm the rulings on counts III, IV and V, *1203 but we reverse the summary judgment and dismissal as to counts I, II and VI.
The party moving for summary judgment bears the heavy burden of proving a negative — the nonexistence of a genuine issue of material fact. “If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied.” Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1095 (Fla. 1st DCA 1999) (citations omitted). Here, when the facts and all reasonable inferences that might be drawn from them are viewed in a light most favorable to appellant, disputed issues of material fact exist concerning whether the release is a valid contract and binding on the Does. Specifically, disputed issues of fact exist concerning all of the factual issues raised by the Does’ responses to the appellees’ affirmative defenses, as well as whether a release was validly executed by the Does, whether there was adequate consideration for the release, and whether the Does ratified the voidable release by retaining the $15,000 paid by the defendants in return for the release. See Florida Power & Light Co. v. Horn, 100 Fla. 1339, 131 So. 219 (1930); Komer v. Shipley, 154 F.2d 861, 865-66 (5th Cir.1946). Accordingly, we reverse the summary final judgment and dismissal with prejudice on counts I, II and VI and remand for further proceedings.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, VAN NORTWICK AND POLSTON, JJ., concur.

. Presumably to protect the identity and privacy of the plaintiffs/appellants, the action and appeal was filed in the fictitious names of Jane Doe and John Doe.