813 So.2d 975 (2002)
Miguel GARCIA and Bette Garcia, Appellants,
v.
CRESCENT PLAZA CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 2D01-551.
District Court of Appeal of Florida, Second District.
March 8, 2002.
*976 Alan E. Tannenbaum of Levin, Tannenbaum, Wolff, Band, Gates & Pugh, P.L., Sarasota, for Appellants.
Kevin T. Wells of the Law Offices of Lobeck & Hanson, P.A., Sarasota, for Appellee.
STRINGER, Judge.
Miguel and Bette Garcia, condominium owners, appeal a final summary judgment in favor of the Crescent Plaza Condominium Association, Inc. (the Association). We conclude that the trial court erred in deciding this case by summary judgment because genuine issues of material fact exist, and therefore, we reverse.
Crescent Plaza is a commercial condominium operating as a retail strip center. The Garcias operate a restaurant in their two units. In 1999, Flowers by Fudgie, Inc., another business located in the strip center, erected a commercial cooler which blocked three of the common element parking spaces in Crescent Plaza. Flowers by Fudgie is owned by the Association's president. Rather than requiring the removal of the cooler, the Association leased the three blocked spaces to Flowers by Fudgie for a nominal fee. The Garcias filed a complaint seeking a declaration as to the validity of the lease and an injunction for the removal of the cooler. The trial court granted the Association's amended motion for summary judgment and concluded that although the Association had the power to prevent the flower shop from utilizing the parking spaces for its cooler, it did not have the duty to do so.[1] The trial court further concluded that section 718.111(4), Florida Statutes (1999), gave the Association the authority to lease a portion of the common element parking spaces for the exclusive use of a unit owner. Moreover, the trial court concluded that the "business judgment rule" prevented *977 the court from substituting its judgment for that of the Association's "so long as the [Association] acts in a reasonable manner."
The declaration of condominium for Crescent Plaza provides:
3.3 Parking Lot. Except for parking spaces assigned by developer to specific Units as hereinafter provided, all parking spaces shall be Common Elements. Use and regulation of the parking lot shall be determined by the Board of Directors of the Association under uniform and non-discriminatory regulations adopted from time to time....
5.4 Ingress and Egress. An easement shall exist for pedestrian traffic over, through and across sidewalks, paths, walks, and other portions of the Common Elements as may be from time to time intended and designated for such purpose and use; and for vehicular and pedestrian traffic over, through and across such portions of the Common Elements as may from time to time be paved and intended for such purposes, and such easement shall be for the use and benefit of the Unit Owners, Developer, and all those claiming by, through or under the aforesaid.
. . . .
8.2 Additional Restrictions. No owner, tenant, or other occupant shall:
(a) ... erect or attach any structures or fixtures within the Common Elements;
(b) make any structural additions or alterations without prior written consent of the Association;
. . . .
(e) erect, construct or maintain any wire, antennas, or other equipment or structures on the exterior of the Building or on or in any part of the Common Elements, except with the written consent of the Board of Directors;
. . . .
(h) obstruct the common way of ingress or egress to the other Units or the Common Elements;
. . . .
(l) make use of the Common Elements in such a manner as to abridge the equal rights of the other Unit Owners to their use and enjoyment;
The Association's by laws provide:
The Board of Directors may from time to time adopt such uniform administrative rules and regulations governing the details of the operation of the condominium, and restrictions upon and requirements respecting the use and maintenance of the units and of the common elements of the condominium as may be deemed necessary and appropriate from time to time to assure the enjoyment of all unit owners and to prevent unreasonable interference with the use of the units and the common elements, as shall not be inconsistent with the condominium act, the Declaration of Condominium, the Articles of Incorporation, and these Bylaws.
It is clear that the Association had the authority to lease a portion of the common element parking spaces. The declaration of condominium expressly provides the Association with such authority. Moreover, section 718.111(4), Florida Statutes (1999), provides in pertinent part that "[t]he association has the power to make and collect assessments and to lease, maintain, and replace the common elements...." See also Juno by the Sea N. Condo. Ass'n (The *978 Towers), Inc. v. Manfredonia, 397 So.2d 297 (Fla. 4th DCA 1980).
However, the trial court concluded that although the Association had the authority to lease a portion of the parking spaces, it did not have a duty to enforce the restrictions on their use. We conclude that the issue of whether the Association had a duty to enforce the use restrictions is irrelevant in this case. Regardless of whether the Association had such a duty, it is clear that the Association exercised its authority in entering into a lease which gave Flowers by Fudgie the exclusive use of three common element parking spaces.[2] In exercising its authority, the Association was required to act in a reasonable manner. See Manfredonia, 397 So.2d at 302. Thus, a factual issue existed concerning whether the Association's action in leasing the three common element parking spaces was reasonable.
The trial court is correct in stating that the "business judgment rule" protects the Association's board of directors when making business decisions in good faith. See Cedar Cove Efficiency Condo. Ass'n, Inc. v. Cedar Cove Props., Inc., 558 So.2d 475 (Fla. 1st DCA 1990) (applying the "business judgment rule" to an incorporated condominium association). However, the rule only protects the Association's decisions so long as the Association acts in a reasonable manner. See Farrington v. Casa Solana Condo. Ass'n, Inc., 517 So.2d 70, 72 (Fla. 3d DCA 1987).
We find that the record in this case is not so clear that the trial court could conclude, as a matter of law, that the Association's action was reasonable. See Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979) ("If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper."). Therefore, we reverse the final summary judgment and remand this case for further proceedings.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., concur.
NOTES
[1] In their complaint, the Garcias also alleged that two other owners had placed tables in front of their business, a pizzeria, which obstructed free use of the common element walkway. The Garcias have not raised this issue on appeal, and thus, we consider it to be waived.
[2] We express no opinion on whether the Association had a duty to enforce the use restrictions of the common elements.