940 So.2d 1151 (2006)
Melvin S. HOBBS and Suzanne Hobbs, Appellants/Cross-Appellees,
v.
Charles WEINKAUF, Robert Krueger, Ronald Thompson, Eugene Cox, and Grenelefe Association of Condominium Owners No. 1, Inc., a Florida corporation, Appellees/Cross-Appellants.
No. 2D04-4806.
District Court of Appeal of Florida, Second District.
August 25, 2006.
Rehearing Denied September 26, 2006.
Christopher L. Griffin and Christopher Torres of Foley & Lardner LLP, Tampa, for Appellants/Cross-Appellees.
Eileen B. Coe and Mark H. Ruff of Alvarez, Sambol, Winthrop & Madson, P.A., Orlando, for Appellees/Cross-Appellants.
*1152 CANADY, Judge.
This case involves a dispute arising from the operation of the Grenelefe Association of Condominium Owners No. 1, Inc. The plaintiffs below, Melvin and Suzanne Hobbs, as trustees of the Hobbs Revocable Trust, appeal a final judgment in a nonjury trial adjudicating certain claims in favor of Grenelefe and dismissing the claims against certain members of Grenelefe's board of directors. Grenelefe and the directors cross-appeal a claim that was adjudicated in favor of the Hobbses. We affirm on the issue raised in the cross-appeal without further comment. We also affirm on two of the three issues raised by the Hobbses in the appeal.
We reverse, however, on the third issue in the appeal which relates to the Hobbses' claim in count VI of their complaint that Grenelefe failed to comply with the requirements of section 718.111(12)(a)(11)(b), Florida Statutes (2001), concerning Grenelefe's accounting records. The Hobbses sought an injunction to compel Grenelefe to comply with the statutory requirement that accounting records be maintained "for each unit." We conclude that the trial court erred in granting an involuntary dismissalpursuant to Florida Rule of Civil Procedure 1.420(b)of this claim after the presentation of the Hobbses' case at trial.
Section 718.111(12) sets forth requirements concerning the maintenance of the official records of condominium associations. Among the required records are: "A current account and a monthly, bimonthly, or quarterly statement of the account for each unit designating the name of the unit owner, the due date and amount of each assessment, the amount paid upon the account, and the balance due." § 718.111(12)(a)(11)(b) (emphasis added).
Section 718.303 provides, among other things, that a unit owner may bring an action for injunctive relief for failure to comply with the requirements of chapter 718. Among the actions that may be brought under this provision are actions against an association. § 718.303(1)(a).
The evidence before the trial court included an affidavit given by the general manager of Grenelefe. The affidavit states, in pertinent part:
The Association does not maintain an individual account for each unit owned by Sports Shinko. The Association does maintain a summary for all units owned by Sports Shinko which would show what was invoiced to and paid by Sports Shinko on account of all its units and the total balance owed by Sports Shinko.
Sports Shinko was the owner of a large number of units in the Grenelefe condominium, and other evidence relied on by the Hobbses supported the averments in the affidavits.
Grenelefe and the directors took the positionwhich apparently was accepted by the trial courtthat although Grenelefe did "not maintain an individual account for each unit," the summary accounting records were sufficient to comply with the requirements of section 718.111(12)(a)(11)(b).
Grenelefe's position is, however, inconsistent with the plain language of the statute which requires that account information be maintained "for each unit designating the name of the unit owner, the due date and amount of each assessment, the amount paid upon the account, and the balance due." § 718.111(12)(a)(11)(b). Grenelefe does not maintain such account information for the individual units, and its practice of utilizing summary accounting records does not comply with the statutory mandate for the maintenance of records "for each unit." The fact that *1153 information with respect to the status of individual units might be deduced from the summary accounting records does not establish that the statutory requirements were satisfied. The statutory requirements are designed to ensure that condominium associations maintain readily understood and accessible accounting records with respect to individual condominium units.
We reject Grenelefe's argument that the trial court's ruling on this claim should be upheld because "no harm occurred as a result of how [the accounting records] were kept." A violation of the requirements of chapter 718 is itself a harm for which section 718.303 authorizes injunctive relief. The statute requires no additional showing of harm. See Times Publ'g Co. v. Williams, 222 So.2d 470, 476 (Fla. 2d DCA 1969) (holding that statutory provision granting circuit court jurisdiction to issue injunction for violation of a statute "is the equivalent of a legislative declaration that a violation of the statutory mandate constitutes an irreparable public injury" and, therefore, "a mere showing that the statute has been or is clearly about to be violated fully satisfies" the requirement of a showing of irreparable harm for injunctive relief) disapproved on other grounds by Neu v. Miami Herald Publ'g Co., 462 So.2d 821 (Fla.1985).
In view of the plain provisions of chapter 718 and the evidence adduced by the Hobbses at trial, we conclude that the Hobbses made a prima facie case against Grenelefe under count IV. The trial court therefore erred in granting Grenelefe's motion for involuntary dismissal. See Capital Media, Inc. v. Haase, 639 So.2d 632, 633 (Fla. 2d DCA 1994) ("This court and others have consistently held that on a motion for involuntary dismissal, made at the close of plaintiff's case in a nonjury trial, a trial court is limited to determining whether or not the plaintiff has made a prima facie case.").
Accordingly, we reverse the judgment in favor of Grenelefe with respect to count VI of the Hobbses' complaint. The case is remanded for further proceedings not inconsistent with this opinion.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and SALCINES, JJ., Concur.