WARNER, J.
 

 The trial court dismissed appellant’s complaint for an injunction to prevent the levy of a condominium special assessment, without prejudice to refile a complaint which met the “jurisdictional limits” of the court. Because the complaint sought an injunction for which the circuit court has subject matter jurisdiction, we reverse the order of dismissal as well as the order granting prevailing party attorney’s fees in favor of the condominium association.
 

 After his condominium association passed a resolution imposing a special assessment of $1,299,895, amounting to $4,194 per unit, appellant Mitchell filed an “ex parte petition for injunctive relief’ to prevent the enforcement of the special assessment. He alleged that the association failed to give proper notice of the meeting, failed to establish a quorum, used expired proxies, and failed to provide an audited financial statement in violation of the bylaws and Florida Statutes. Despite its “ex parte” title, the Association was served and filed a motion to dismiss, claiming that because no permanent injunction was sought, the court could not grant a temporary injunction. Second, the Association maintained that the matter was in the exclusive jurisdiction of the Department of Business and Professional Regulation and subject to mandatory nonbinding arbitration. Finally, it claimed that the petition was factually insufficient to show irreparable harm. During the hearing on the motion, the Association also argued that the special assessment against Mitchell for $4,194 did not meet the jurisdictional limit for the circuit court and that the case had to be refiled with more homeowners. The trial court ultimately dismissed the petition without prejudice to refile within the jurisdictional limits of the circuit court. It then awarded prevailing party attorney’s fees to the condominium association. Mitchell appeals, and our standard of review of the order of dismissal is de novo.
 
 See Accardi v. Hillsboro Shores Improvement Ass’n,
 
 944 So.2d 1008, 1011 (Fla. 4th DCA 2005).
 

 The trial court’s order of dismissal states that the complaint was dismissed without prejudice to refile within the jurisdictional limits of the court. However, Mitchell did not seek monetary relief. Instead, he sought to enjoin the assessment, meaning that he requested injunc-tive relief. County and circuit courts have concurrent jurisdiction over equitable matters, including those requesting injunctive relief, regardless of the amount in controversy.
 
 See Baldwin Sod Farms, Inc. v. Corrigan,
 
 746 So.2d 1198, 1202 (Fla. 4th DCA 1999) (“county courts and circuit courts have concurrent jurisdiction over matters in equity, including injunctions”). Under section 34.01(4), Florida Statutes, county courts “may” hear matters in equity involving sums within the jurisdictional
 
 *1267
 
 amount of the county court. Thus, county court jurisdiction is not exclusive. The court erred in applying the monetary jurisdictional limit to dismiss this complaint for lack of jurisdiction.
 

 The remaining reasons for dismissing the complaint on jurisdictional grounds also fail. First, as to the Association’s claim that Mitchell was required to arbitrate his claim before proceeding to suit, a dispute over the levy of an assessment is not subject to the arbitration provisions of the Condominium Act. See § 718.1255(l)(b), (4)(a), Fla. Stat. (2008). Second, although the Association claimed that only a temporary injunction was requested in the complaint, the complaint requested that an injunction be entered to prevent the Association from collecting
 
 any
 
 special assessment against Mitchell. The complaint alleges that the Association failed to comply with its rules and with due process. Proving these allegations would invalidate the special assessment and prevent its enforcement permanently, not temporarily. Section 718.303(1), Florida Statutes, permits a unit owner to seek injunctive relief for failure of a condominium association to comply with its rules or the Condominium Act. Finally, the complaint shows sufficient irreparable harm in the violation of the Condominium Act to warrant injunctive relief. When bringing an action for injunctive relief against an association, an alleged violation of chapter 718 is itself a harm for which section 718.303 authorizes injunctive relief.
 
 See Hobbs v. Weinkauf,
 
 940 So.2d 1151, 1153 (Fla. 2d DCA 2006). Although the appellant requested an ex parte injunction without notice, notice was in fact given. If anything, the complaint may have been deficient for requesting a temporary ex parte injunction, because it did not allege the requisite requirements for ex parte relief. It sufficiently pled allegations to warrant a permanent injunction.
 

 We also reverse the award of prevailing party attorney’s fees. Not only is this necessary because of our reversal of the order dismissing, the Association did not “prevail” where the complaint was dismissed on jurisdictional grounds without prejudice to refile.
 
 See Shaw v. Schlusemeyer,
 
 683 So.2d 1187 (Fla. 5th DCA 1996).
 

 Reversed and remanded for further proceedings in accordance with this opinion.
 

 POLEN and TAYLOR, JJ., concur.