DAMOORGIAN, J.
 

 Hollywood Towers Condominium Association, Inc. (“the association”) appeals the trial court’s partial final judgment denying its request for an injunction. This appeal arises out of a complaint filed by the association requesting, among other things, a permanent injunction requiring Sharon Hampton to allow the association to access her condominium unit to perform repair work on her balcony. We reverse the judgment and remand for further proceedings.
 

 The trial court conducted an evidentiary hearing on the association’s request for injunctive relief. At the hearing, the evidence established the following facts. The association is the condominium association for the Hollywood Towers. Sharon Hampton owns a unit in Hollywood Towers. Hollywood Towers became concerned with the structural integrity of the concrete balconies dn each unit, so it hired Stanley
 
 *786
 
 Swaysland to inspect each balcony. Hampton’s balcony was inspected and was found to have suffered moderate corrosion requiring repair. Swaysland’s report concluded that demolition should continue from inside Hampton’s unit because industry standard is to remove the concrete four inches beyond the point at which the corrosion stops. When it is necessary to work from inside the unit, a dust wall is installed to separate the work area from the rest of the unit.
 

 Hampton hired engineer David Hustad, who performed several procedures to determine whether Hampton’s unit needed additional concrete repairs. Hustad concluded that there was no reason to do any interior demolition in Hampton’s unit. It was his opinion that the restoration work that had been done on Hampton’s balcony from the exterior was sufficient to make the balcony structurally sound. The association presented evidence that Hampton was not the only unit owner whose balcony needed to be repaired from inside the unit. Additionally, the association offered evidence that refuted Hampton’s claim that the association allowed other unit owners to opt out of the concrete repair work.
 

 Article XIII of the association’s declaration of condominium, entitled “Maintenance and Alterations,” states in pertinent part that each owner shall:
 

 4. Allow the Board ... the agents or employees ... to enter into his Unit for the purpose of maintenance, inspection, repair, or replacement of the improvements within the Unit, Common Elements or Limited Common Elements, to determine in case of emergency, circumstances threatening Units ... or Common Elements, or to determine compliance with the provisions of this Declaration.
 

 D. In the event an Owner fails to maintain his Unit and Limited Common Elements, as required herein, or makes any alterations or additions without obtaining the required written consent, or otherwise violates or threatens to violate the provisions hereof, Corporation, or the Management Firm on behalf of Corporation, shall have the right to proceed in a Court of equity for an injunction to seek compliance with the provisions hereof.
 

 Under the terms of the declaration, the concrete floor of each balcony is a common element, which the association is responsible to maintain.
 

 At the conclusion of the hearing, the trial court found that the association did not meet its burden of showing irreparable harm because “[tjhere is clear question not only as to whether the [excavation] and rebar work is necessary, but whether the failure to perform it will cause immediate harm.” Thereafter, the trial court denied the association’s request for injunctive relief and issued a partial final judgment in favor of Hampton.
 

 To obtain a permanent injunction, the petitioner must “establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief.”
 
 K.W. Brown & Co. v. McCutchen,
 
 819 So.2d 977, 979 (Fla. 4th DCA 2002). The standard for reviewing the denial of a permanent injunction is abuse of discretion.
 
 Gulf Bay Land Invs., Inc. v. Trecker,
 
 955 So.2d 1157, 1159 (Fla. 2d DCA 2007). The trial court’s decisions on purely legal issues, however, are reviewed de novo.
 
 Nical of Palm Beach, Inc. v. Lewis,
 
 981 So.2d 502, 504 (Fla. 4th DCA 2008).
 

 The dispute in this appeal is over the standard by which a trial court should review the decision of a condominium association’s board of directors. The association asserts that, under the business judg
 
 *787
 
 ment rule, a trial court is required to defer to the association unless there is proof of fraud, self-dealing, dishonesty or incompetency in arriving at the decision. Hampton argues that the business judgment rule applies only in suits against directors for personal liability, and that the trial court was required to determine whether the repair work on the interior of her unit was necessary.
 

 The business judgment rule has traditionally been applied to protect corporate directors from personal liability.
 
 See
 
 § 607.0831, Fla. Stat. (2009). In an apparent effort not to second-guess management decisions, courts have applied an adaptation of the business judgment rule to decisions made by condominium associations.
 
 See, e.g., Garcia v. Crescent Plaza Condo. Ass’n,
 
 813 So.2d 975 (Fla. 2d DCA 2002) (applying the business judgment rule to the association’s decision to lease a portion of the common element parking spots);
 
 P.S. Farrington v. Casa Solana Condo. Ass’n,
 
 517 So.2d 70, 72 (Fla. 3d DCA 1987) (applying the business judgment rule to the condominium association board’s decision to approve a special assessment);
 
 see Tiffany Plaza Condo. Ass’n v. Spencer,
 
 416 So.2d 823, 826 (Fla. 2d DCA 1982) (stating that courts will not interfere with an association’s decision to exercise its authority in a reasonable manner).
 

 In applying the business judgment rule to condominium association decisions, courts have generally limited their review to two issues: (1) whether the association has the contractual or statutory authority to perform the relevant act, and (2) if the authority exists, whether the board’s actions are reasonable.
 
 See, e.g., Garcia,
 
 813 So.2d at 977-78 (where the court first determined that the association had the authority to lease common element parking spots, and then stated that the association was required to act in a reasonable manner in exercising that authority);
 
 Cedar Cove Efficiency Condo. Ass’n v. Cedar Cove Props. Inc.,
 
 558 So.2d 475, 479 (Fla. 1st DCA 1990) (noting that “[t]he association’s exercise of authority in this case is reasonable to accomplish such purposes.”). However, no court in this state has expressly set forth a test for review of association decisions.
 

 Courts outside our state have adopted a two-prong test to review condominium board decisions, which closely resembles the test that has been applied, but not articulated, by courts in this state.
 
 See Kaung v. Bd. of Managers ofBiltmore Towers Condo. Ass’n,
 
 70 A.D.3d 1004, 895 N.Y.S.2d 505, 507 (N.Y.App.Div.2010) (stating that judicial review of a condominium board’s decision is limited to whether the action was authorized and whether it was taken in good faith and in furtherance of the condominium’s legitimate interest). The California Supreme Court has articulated the test in the following way:
 

 Where a duly constituted community association board, upon reasonable investigation, in good faith and with regard for the best interests of the community association and its members, exercises discretion within the scope of its authority under relevant statutes, covenants and restrictions to select among means for discharging an obligation to maintain and repair a development’s common areas, courts should defer to the board’s authority and presumed expertise.
 

 Lamden v. La Jolla Shores Clubdomini-um Homeowners Ass’n,
 
 21 Cal.4th 249, 87 Cal.Rptr.2d 237, 980 P.2d 940, 942 (1999). We adopt the test set forth in
 
 Lamden,
 
 and hold that courts must give deference to a condominium association’s decision if that decision is within the scope of the association’s authority and is reasonable— that is, not arbitrary, capricious, or in bad faith.
 

 In the instant case, there was no dispute that the association had the au
 
 *788
 
 thority to repair the concrete on Hampton’s balcony, which is a common element under the declaration of condominium.
 
 See
 
 § 718.113(1), Fla. Stat. (2009) (“Maintenance of the common elements is the responsibility of the association.”). The association may repair and maintain common elements as long as its decision to do so is reasonable. Thus, the trial court’s focus was misplaced when it denied the injunction because there was a question as to whether the excavation and rebar work was necessary.
 

 However, in order to access Hampton’s unit to perform the repairs, Hollywood Towers was obligated to show that such access was necessary.
 
 See
 
 § 718.111(5), Fla. Stat. (2009) (“The association has the irrevocable right of access to each unit during reasonable hours, when necessary for the maintenance, repair, or replacement of any common elements or of any portion of a unit to be maintained by the association pursuant to the declaration or as necessary to prevent damage to the common elements or to a unit or units.”).
 
 [1]
 
 The trial court, on remand, must perform the
 
 Lamden
 
 test and determine whether the association had the authority to access Hampton’s unit to repair her balcony, and, if so, whether it acted reasonably — that is, not arbitrarily, capriciously, or in bad faith — in choosing to perform the repair work from inside Hampton’s unit.
 

 ■ The next question is whether the association established that it would suffer irreparable harm if the court did not enter the injunction. “When bringing an action for injunctive relief against an association, an alleged violation of chapter 718 is itself a harm for which section 718.303 authorizes injunctive relief.”
 
 Mitchell v. Beach Club of Hallandale Condo. Ass’n,
 
 17 So.3d 1265, 1267 (Fla. 4th DCA 2009) (citing
 
 Hobbs v. Weinkauf,
 
 940 So.2d 1151, 1153 (Fla. 2d DCA 2006)). Section 718.303(1), Florida Statutes (2009), “permits a unit owner to seek injunctive relief for failure of a condominium association to comply with its rules or the Condominium Act.”
 
 Id.
 
 It follows that the same rule applies when an association brings an action for injunctive relief against a unit owner.
 

 Reversed and Remanded.
 

 FARMER and HAZOURI, JJ., concur.
 

 [1]
 

 . Although the association’s declaration of condominium does not restrict access to those occasions when it is necessary for maintenance, repair, or replacement of a common element, section 718.111(5) expressly limits the association's access to that which is necessary.
 
 See
 
 §718.111(2), Fla. Stat. (2009) (“The powers and duties of the association include those set forth in this section and, except as expressly limited or restricted in this chapter, those set forth in the declaration and bylaws and chapters 607 and 617, as applicable.”);
 
 see also Ocean Trail Unit Owners Ass’n v. Mead,
 
 650 So.2d 4, 8 (Fla.1994) (Kogan, J., concurring in part and dissenting in part) (”[P]owers granted a condominium association in the condominium documents must be consistent with the Condominium Act.”).