SALTER, J.
The Briarwinds Condominium Association, Inc., appeals an order granting the defendants’ motion for a judgment on the pleadings on count two of its complaint, seeking an injunction to evict a condominium unit tenant. Finding that the complaint was sufficient to withstand the motion for judgment on the pleadings, we reverse.
Marcene Rigsby owns a unit at Briar-winds Condominium. She rents the unit to Denny Wood. After numerous complaints by residents and to the police, culminating with a petition signed by 88 persons seeking Wood’s eviction, the Association filed an action against Rigsby and Wood. Count one sought cancellation of a quit claim deed transferring ownership of Rigsby’s unit to Rigsby and Wood because the transfer was not approved by the Association. Count two sought injunctive relief asking for Wood’s eviction. The complaint alleged a long list of condominium rule violations by Wood. This included harassing women and children in the complex, disruptive conduct, threats to neighbors and guests, and use of vulgar language.
Several years after the lawsuit was filed, Rigsby and Wood filed motions for a judgment on the pleadings as to count two. The trial court granted the motion, dismissing the injunctive relief claim, and denied the Association’s motion for rehearing. The court found that a cause of action for injunctive relief had not been pled.
A review of the complaint and its attachments demonstrates that the count for injunctive relief was sufficiently pled. In deciding a motion for judgment on the pleadings, “all well-pleaded material allegations of the opposing party are to be taken as true, and all allegations of the moving party which have been denied are taken as false.” Venditti-Siravo v. City of Hollywood, 418 So.2d 1251, 1253 (Fla. 4th DCA 1982); Wilcox v. Lang Equities, Inc., 588 So.2d 318 (Fla. 3d DCA 1991). A motion for a judgment on the pleadings should only be granted if the moving party is entitled to a judgment as a matter of law. Boatwright Const., LLC v. Tarr, 958 So.2d 1071 (Fla. 5th DCA 2007); Shay v. First Fed. Of Miami, 429 So.2d 64 (Fla. 3d DCA 1983). Here, a review of the complaint does not convince us that the defendants were entitled to a judgment as a matter of law. Additionally, there are still unresolved factual questions. Hart v. Hart, 629 So.2d 1073 (Fla. 2d DCA 1994).
The defendants’ main argument on appeal, as below, assailed count two of the complaint for failure to allege irreparable injury. However, count two sought an injunction based on the defendants’ violation of section 718.303, Florida Statutes (2009). In an action asserting a violation of the statute “an alleged violation of chapter 718 is itself a harm for which section 718.303 authorizes injunctive relief.” Hollywood Towers Condo. Ass’n, Inc. v. Hampton, 40 So.3d 784, 788 (Fla. 4th DCA 2010) (citing Mitchell v. Beach Club of Hallandale Condo. Ass’n, 17 So.3d 1265, 1267 (Fla. 4th DCA 2009)); Hobbs v. Weinkauf 940 So.2d 1151, 1153 (Fla. 2d DCA 2006). By alleging that the unit owner and tenant violated the condominium documents, which is prohibited by the statute, the association adequately pled irreparable harm.
In view of the adequate allegations in the complaint, it was error to grant the defendants a judgment on the pleadings.
Reversed and remanded.