MAY, J.
In this dispute, a unit owner appeals multiple orders concerning the condominium association’s right to enter her unit to perform pest-control services. She appeals a final summary judgment, a contempt order, an enforcement order, and two attorney’s fees orders. One of the issues raised is that the trial court erred in entering summary judgment for the association on its right to access the owner’s unit. We agree and reverse the summary judgment. Because we reverse the summary judgment, we also reverse the attorney’s fees order that relates to it. We affirm the remaining orders.
The owner has lived in her unit since 1989. Initially, the association did not provide pest-control services, but later offered them as an optional service. The owner accepted those services until recently being diagnosed with a breathing disorder. Her doctor recommended against the use of chemical pesticides.
The owner informed the association that she no longer desired the pest-control service, and the association stopped spraying her unit from 2005-2009. During that *576 time, the unit owner used an alternative form of pest control. In 2009, the association demanded access to her unit to perform pest-control services; she refused.
The association filed a petition for arbitration seeking access to the unit. The owner did not timely answer the petition, resulting in a default in favor of the association. The arbitrator ordered the owner to allow the association access to the unit each month to perform the service.
The owner filed a complaint in circuit court for a trial de novo. The association answered, asserted various affirmative defenses, and filed a counterclaim for breach of contract, injunctive relief, and a request to uphold the arbitrator’s award. The owner answered the counterclaim and pled lack of authority, waiver, and estoppel as affirmative defenses.
The association moved for summary judgment. It argued that section 718.111(5), Florida Statutes, and the association’s declaration provided the association with a legal right to enter all units for necessary maintenance. The owner filed an affidavit in opposition, describing the circumstances that gave rise to her discontinued use of the services. She also filed an affidavit from her treating physician, attesting that “it would be deleterious to her health to be exposed to any chemicals.”
At the hearing, the association argued that it had an irrevocable right to access the owner’s unit, pursuant to statute and its declaration. It also argued that it had offered to let the owner retain her own vendor if she provided proof that the services were being performed. The owner responded that a factual issue remained as to whether the association’s demands were reasonable and necessary, and summary judgment should be denied. After settlement negotiations failed, the trial court granted summary judgment.
The court’s order provided for the association to “have access to the unit for preventative services — chemical free pesticide.” The owner could provide a non-chemical pesticide or vendor, or the association would have “the right to service with a chemical free pesticide.” The court reserved ruling on entitlement and amount of attorney’s fees.
The association then moved for entry of a final judgment, specifically requesting that the judgment contain sufficient detail to determine compliance. The owner expressed concern about the association’s proposed final judgment. The trial court agreed to go through her notes to insure the judgment correctly reflected her ruling. The trial court entered a final judgment in favor of the association. It specified that:
(1) on the third Monday of every month ... [the owner] shall permit the [association] and its agents access to her unit for the purpose of performing pest extermination services;
(2) the pest extermination services shall be performed with pesticides purchased and provided by [the owner] and given to the [association], or if no such pesticides are provided, then by the [association] using non-toxic chemical free pesticides;
(3) [the owner] may alternatively comply ... by having her own exterminator provide such services to the Unit, and providing the [association] with a copy of an invoice (or any other document) that reasonably indicates that such extermination services were provided for that month.
The court reserved jurisdiction to enforce the terms of the final judgment and to determine entitlement to attorney’s fees. The court denied the owner’s motion for rehearing; the owner appealed.
*577 Both parties moved for attorney’s fees as the prevailing party. The association argued that it prevailed because it succeeded on the access issue. The owner argued that she had prevailed because the trial court altered the arbitration order in her favor by now requiring the use of nontoxic, chemical-free pesticides. The trial court found the association was the prevailing party and entered a final judgment for attorney’s fees and costs. The owner also appealed this order.
The association subsequently moved for contempt and more attorney’s fees when the owner prevented the association from performing the pest-control services until she could have someone inspect the spray to be used. The owner continued to refuse access to the association because her expert found the spray harmful to her condition. After inspecting the unit, the owner’s expert found no evidence of insects.
The court appointed its own expert, who opined that the owner’s alternative form of pest control was one of the least toxic, but it failed to meet the court-ordered standard of non-toxic and chemical-free, and was not designed to eliminate pests other than ants and roaches.
At the next hearing on the contempt motion, the owner argued that she complied with the final judgment by having her own exterminator service her unit, and providing the association with proof. But the association argued that it had a right to access the unit to check the exterminator’s work. The trial court found the owner in contempt, but allowed her to purge the contempt and avoid sanctions by permitting the association’s vendor to access her unit to apply a particular spray. If the owner failed to comply, the association could seek an order authorizing forced entry through the sheriffs office at the owner’s expense. The court also ordered the owner to pay the association’s attorney’s fees of $2,958.75. The owner did not appeal the order finding her in contempt.
The saga continued when the association moved for an enforcement order and additional attorney’s fees because the owner failed to submit an affidavit of compliance. The trial court entered an order permitting enforcement of the contempt order without a hearing. The order permitted the association access to the unit, without the owner’s approval, through use of a locksmith and the sheriffs office. The trial court also ordered the owner to pay fees and costs of $765 associated with the enforcement proceedings. The owner appealed these subsequent orders.
On appeal, the owner continues to argue the trial court erred in granting summary judgment because an issue of material fact existed as to whether the association’s demands were reasonable and necessary. The association responds that whether its actions were reasonable and necessary is not material, and, nevertheless, its actions were necessary and reasonable to prevent a pest infestation that may spread to common areas.
We have de novo review. Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 479 (Fla. 4th DCA 2006).
Rule 1.510 of the Florida Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. “Tf the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied.’ ” Roach v. Totalbank, 85 So.3d 574, 578 (Fla. 4th DCA 2012) (quoting Doe v. N. Okaloosa Med. Ctr., Inc., 802 So.2d 1202, 1203 (Fla. 1st DCA 2002)).
*578 Section 718.111(5), Florida Statutes (2009), provides:
Right of access to units. — The association has the irrevocable right of access to each unit during reasonable hours, when necessary for the maintenance, repair, or replacement of any common elements or of any portion of a unit to be maintained by the association pursuant to the declaration or as necessary to prevent damage to the common elements or to a unit or units.
(Emphasis added). The association’s declaration of condominium contains similar language.
The owner asserted as an affirmative defense that the association had to show a legitimate need for access to her unit, and that it had failed to demonstrate the “requisite conditions” to gain that access. The association argued that common sense dictated that routine pest control is part of “necessary maintenance” under section 718.111(5).
We have adopted a two-part test to determine the validity of similar association decisions. Hollywood Towers Condo. Ass’n v. Hampton, 40 So.3d 784, 787 (Fla. 4th DCA 2010). The action must be (1) within the condominium association’s authority, and (2) reasonable. Id. In Hampton, we reversed an association’s decision to access a unit owner’s apartment to repair exterior balconies. We remanded the case to the trial court to determine whether the association acted reasonably in accessing the unit owner’s apartment. Id. at 788.
The statute and the declaration both require a showing of reasonableness and necessity. A “claim” of necessity is insufficient. See Sloan v. Sloan, 393 So.2d 642, 644 (Fla. 4th DCA 1981). Rather, the association must establish that its actions are necessary.
Given that the owner lived in the unit for several years without pest service provided by the association, and there was no evidence of a pest problem in 2009, there was a genuine issue of material fact as to the necessity of the association’s actions. See Derius v. Allstate Indem. Co., 723 So.2d 271, 274 (Fla. 4th DCA 1998) (whether a given medical service is “necessary” is a question of fact).
And, considering the owner’s health risks, there was also a genuine issue of material fact about the reasonableness of the association’s actions. See McLemore v. LFH Acquisition Corp., 957 So.2d 118, 118 (Fla. 4th DCA 2007) (reasonableness is a question of fact).
Here, the record reflects genuine issues of material fact as to whether the association’s actions were reasonable and necessary. Summary judgment is therefore reversed, as is the attorney’s fees judgment entered pursuant to entry of that judgment. See Progressive Express Ins. Co. v. Menendez, 979 So.2d 335 (Fla. 3d DCA 2008) (fee award must be reversed where the final summary judgment had been reversed).
Our holding, however, does not exonerate the owner from the contempt finding for two reasons. First, the owner failed to appeal the original contempt finding, and appealed only from the enforcement order. “An untimely appeal cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of the more recent order.” Caldwell v. Wal-Mart Stores, Inc., 980 So.2d 1226, 1229 (Fla. 1st DCA 2008). The owner therefore waived the merits of the contempt finding. Second, a contempt order may stand even if it is based on an erroneously entered order. Robbie v. Robbie, 726 So.2d 817, 819 (Fla. 4th DCA 1999) (citing Rubin v. *579 State, 490 So.2d 1001, 1003 (Fla. 3d DCA 1986)). For these reasons, the contempt and enforcement orders, and the fee order related to these issues, are affirmed.

Reversed in part; Affirmed in part.

TAYLOR and FORST, JJ., concur.