HARRIS, J.
The Estate of Jon Lopez (the "Estate") timely appeals the trial court's entry of final summary judgment in favor of Wilsonart, LLC and Samuel Rosario (collectively, "Appellees"). Under Florida's current summary judgment standard, we are compelled to conclude that conflicting evidence remained as to whether Rosario negligently operated his vehicle, which could allow a jury to apportion fault between the drivers. We therefore reverse the summary judgment and remand for further proceedings.
On January 17, 2017, Rosario was driving a freightliner truck eastbound on a six lane highway towards an intersection in Osceola County, Florida. The highway was divided evenly with three lanes for westbound traffic and the other three lanes for eastbound traffic. Rosario drove in the center lane of the eastbound side. As the freightliner approached an intersection, Jon Lopez, driving a pickup truck, crashed into the rear of the freightliner, pushing the freightliner forward into another vehicle. Lopez died as a result of the injuries he sustained from the collision.
Rosario testified in his deposition that he traveled in the center of the three eastbound lanes and began to slow down as he approached the intersection when he felt an impact to the rear of the freightliner. He testified that he was coming close to a full stop, that his wheels were turned straight, and that he intended to continue travelling straight at the moment of the collision. In addition, Rosario's freightliner was equipped with a forward-facing dashboard camera. The footage from this dashcam shows the freightliner travelling in the center lane of the eastbound lanes. As the freightliner gradually came to a stop at a red light, it experienced a large impact, forcing it to veer to the left and crash into *833 the car in front of it. It is undisputed that this impact was the result of being struck from behind by the pickup truck driven by Lopez and that this crash resulted in Lopez's death.
In response to Appellees' motion for summary judgment, the Estate presented the deposition of David Mendez, a witness to the collision, who testified that the freightliner suddenly changed lanes just prior to impact, swerving from the center lane to the left lane. The Estate also presented the affidavit of its expert, who concluded that part of the freightliner was in the right lane of the eastbound side when the collision occurred. This conclusion was based, in large part, on the deposition testimony of Mendez, the independent eye witness.
In their motion for summary judgment, Appellees argued that because Lopez rear-ended the freightliner with his pickup truck, he is presumed negligent under Florida law and that Lopez was the sole cause of the collision. Appellees further argued that Rosario's testimony and the corroborating dashcam footage suggested that Lopez could not overcome the presumption of negligence because the video flatly contradicted Mendez's testimony, rendering it incompetent evidence. The Estate responded, arguing that its expert's affidavit created a genuine issue of material fact as to whether Rosario kept his vehicle in a single lane and that this conflicting evidence created a question of material fact as to Rosario's negligence in operating the freightliner. After a hearing on Appellees' motion, the trial court granted the summary judgment and this appeal followed.
In considering "an appeal from the entry of a summary final judgment, an appellate court should indulge all proper inferences in favor of the party against whom summary judgment was sought." Hervey v. Alfonso, 650 So. 2d 644, 646 (Fla. 2d DCA 1995) (citing Humphrys v. Jarrell, 104 So. 2d 404 (Fla. 2d DCA 1958) ). "If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied." Doe v. N. Okaloosa Med. Ctr., Inc., 802 So. 2d 1202, 1203 (Fla. 1st DCA 2002) (internal quotations removed).
"A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985). Succinctly put, "[w]hen acting upon a motion for summary judgment, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied." Jones v. Dirs. Guild of Am., Inc., 584 So. 2d 1057, 1059 (Fla. 1st DCA 1991).
In this case, the trial court erred when it concluded that the video evidence "blatantly contradicts the eye witness testimony and the opinion of plaintiff's expert." The court relied on Scott v. Harris, 550 U.S. 372, 127 S. Ct 1769, 1776, 167 L.Ed.2d 686 (2007) (applying the very different federal summary judgment standard and concluding that no genuine issue of material fact existed where video footage blatantly contradicted motorists's version of events)[1] and *834 Wiggins v. Florida Department of Highway Safety and Motor Vehicles, 209 So. 3d 1165 (Fla. 2017) (holding that in first-tier certiorari review of driver's license suspension hearing- not summary judgment- circuit court does not err where it rejects police officer testimony, which is refuted by video evidence). Although both Scott and Wiggins stand for the proposition relied upon by the trial judge-that clear, objective, neutral video evidence can be so contradictory to the opposing party's evidence so as to render that evidence incompetent-it was error to apply those holdings to a summary judgment proceeding under Florida's much more restrictive standard. In fact, by finding that the video evidence, as compelling as it was, completely negated both the independent eyewitness testimony as well as the Estate's expert's opinion, the trial court improperly weighed competing evidence on material facts. "In ruling on a motion for summary judgment, the court may neither adjudge the credibility of the witnesses nor weigh the evidence." Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000). "A trial court may not ... consider the weight of conflicting evidence ... in determining whether a genuine issue of material fact exists in a summary judgment proceeding." Juno Indus. Inc. v. Heery Int'l, 646 So. 2d 818, 822 (Fla. 5th DCA 1994).
Here, the video evidence[2] showing Rosario's driving pattern is both compelling that Appellees were not negligent and directly contradictory to the Estate's evidence in opposition to the summary judgment motion. However, in the event this case survives Appellees' inevitable motion for directed verdict at trial, then it would be the jury's job to assess the credibility of the Estate's witnesses as to the cause of the accident and to weigh and compare Appellees' conflicting evidence, including the videotape. By granting final summary judgment, the trial court completely negated the Estate's evidence based on the perceived strength of Appellees' video evidence and, thus, improperly encroached into the jury's province. As a result, we are compelled to reverse the final summary judgment and remand for further proceedings.
In light of the technological advancements in our society that increase the likelihood of video and digital evidence being more frequently used in both trial and pretrial proceedings, we certify the following question to the Florida Supreme Court as one of great public importance:
Should there be an exception to the present summary judgment standards that are applied by state courts in Florida that would allow for the entry of final summary judgment in favor of the moving party when the movant's video evidence completely negates or refutes any conflicting evidence presented by the non-moving party in opposition to the summary judgment motion and there is no evidence or suggestion that the videotape evidence has been altered or doctored?
REVERSED and REMANDED for further proceedings; QUESTION CERTIFIED
WALLIS and LAMBERT, JJ., concur.

Under Rule 56, Federal Rules of Civil Procedure, the party opposing the motion for summary judgment must come forward with "specific facts showing that there is a genuine issue for trial." Significantly, the trial court is allowed to assess the proof and "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) ).

The video evidence is part of our appellate record and has been reviewed by the panel.