DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EWELL MILLER,**
Appellant,

v.

**HOMELAND PROPERTY OWNERS ASSOCIATION, INC., MARK LLANO, TODD MINIKUS, AMANDA MINIKUS, MELINDA HUBER, EDWARD HUBER, DANNY CAGLE** and **JOAN GAGLE,**
Appellees.

No. 4D18-1647

[July 31, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 502014CA012132AB.

Patrick Dervishi of the Shir Law Group, P.A., Boca Raton, for appellant.

Ryan H. Lehrer and Paul O. Lopez of Tripp Scott, P.A., Fort Lauderdale for appellee Mark Llano.

W. Todd Boyd, Craig J. Shankman, Jamie Mathew, Elaine D. Walter and Yvette Lavelle, of Boyd Richards Parker & Colonnelli, P.A., Miami, for appellee Homeland Property Owners Association, Inc.

WARNER, J.

Appellant homeowner, Ewell Miller, appeals from partial final summary judgment in favor of Mark Llano, another homeowner in the community regulated by Homeland Property Owners Association, Inc.[1] We affirm, addressing only the issue of whether disputed issues of material fact precluded the entry of summary judgment and the proper application of the business judgment rule.

Both appellant and Llano live in a community governed by Homeland

---

[1] Although the Association also filed an answer brief, the partial final summary judgment was entered as to only Llano. At oral argument, counsel for the Association conceded that this court does not have jurisdiction as to the Association.

Property Owners Association, Inc., whose powers and duties are set forth in the Association's governing documents. The Association's Declaration provides that its Board of Directors shall appoint an Architectural Review Board (ARB), which "shall provide for a systematic and uniform review of all proposed improvements and construction of any type or nature whatsoever" in the community. The homeowners were required to obtain approval of their plans by the ARB, including any proposed changes to the plans, prior to the homeowner commencing any work on his or her premises. The Declaration states that the Association "shall have the authority to enforce those restrictions imposed" under the section regarding the community's prohibited uses. These use restrictions include a maximum building height of thirty-two feet and a prohibition against flat roofs, which are allowed only for patio or pool coverings. Similarly, the Association's by-laws provide that the Association "shall" have various powers, including the power to enforce its Declaration through legal means.

In February 2012, Llano submitted plans to the Association's ARB for permission to alter his residence by adding a garage, and he was granted approval. The original plans for this addition did not include a request for a flat roof. During the months after these original plans were submitted and approved, the plans were revised multiple times. Llano testified that his completed garage differs from the original plans.

In late 2012, Llano's garage addition was completed. Over one year later, during unrelated legal proceedings between the Association and other community members, the Association learned that Llano's plans for his garage were revised without prior approval by the ARB.

In January 2014, the Association sent a letter to Llano, informing him that his revised plans were never submitted and that he violated the Declaration's requirement for the ARB to approve any changes to the plans. The primary concerns with Llano's garage were its height and whether it had a flat roof. Llano then submitted a new application and architectural drawings for his garage addition. The updated plans are not part of this record, and the parties do not point out the exact differences between the original and final versions of the plans. However, the record does contain illustrations of the garage roof, which indicate that the final shape of the roof is a modified, gambrel truss shape. Shortly after Llano submitted these revised plans, Llano retracted his updated application for approval because he felt that his garage, which had been completed for about eighteen months, was compliant with the use restrictions. Llano provided the Association with a letter from an engineering and construction firm, which opined that under Palm Beach County's Unified

2

Land Development Code's method for measuring building height, the garage's height was under the maximum height allowed in the Declaration. The construction firm also concluded that the garage's "roof resembles a gambrel roof similar to a barn roof with a small flat walkway at the top. [This is not considered] a flat roof which is typically flat from one end to the other." Additionally, Llano submitted an April 2014 email from a building official for Palm Beach County to Steve Annuziata, Llano's general contractor, in which the official confirmed the method used to measure the roof's height.

After reviewing these submissions, the Association's Board approved Llano's garage. In its letter to Llano, it noted that although he failed to timely submit his revised plans, the Association was required to strictly construe its restrictions in favor of allowing him the full use of his property. It specifically noted the opinion of the construction firm regarding the garage's compliance. The board informed Llano that he need not make any further applications for approval. A few days later at a Board meeting, the official minutes show that the Board discussed the above documents that were submitted by Llano, and the Association's own legal counsel also provided an opinion that Llano's garage should be approved. The record also contains an email from the Association's counsel, in which he recommends that the Association approve the garage. Notably, in both the attorney's email and the Association's letter of approval, they note that some sort of additional plans were submitted by Llano to the Association during the construction process, but the ARB apparently did not respond to the submission of these materials.

Later that same year, appellant sued the Association, bringing multiple claims for breach of contract and injunctive relief against the Association for its alleged failure to enforce its restrictions against various property owners. Although appellant listed these homeowners as defendants, all of the claims are directed against the Association. Claims III and IV deal with the Association's failure to act regarding Llano's property, and Llano was joined as a party to these counts. Under count III, appellant alleged that Llano altered his residence without the required approval by the ARB, and the garage violated the Association's height restriction and prohibition against flat roofs. He claimed that the Association avoided its obligations under its governing documents by making a "business judgment" decision not to proceed against Llano. Under count IV, appellant sought injunctive relief to compel the Association to enforce its covenants and restrictions against Llano.

After lengthy discovery, the Association filed a motion for final summary judgment, which Llano joined. The Association argued that the

enforcement of its governing documents was discretionary, not mandatory, and that the Association reasonably exercised its business judgment when deciding to take enforcement action against any homeowners. For the claims against Llano, the Association admitted that Llano's revised plans were not submitted prior to the completion of his garage, but it noted that it later approved the garage based on the opinion of the construction firm. The approval then was discussed at a board meeting and condoned by the Association's own attorney. The Association contended that the decisions of its Board were protected by the business judgment rule, as corporate directors have broad discretion in performing their duties absent a showing of mismanagement, fraud, or breach of trust. In determining that Llano's garage did not violate the Declaration, the Board used reasonable discretion in implementing its restrictions and determining that the height and shape of Llano's garage roof complied with them. The Association further argued that, given its 2014 approval of the garage, any enforcement action against Llano would be futile. Although appellant disagreed with the method used to measure the roof height, the Board's business judgment governed.

Following a hearing, the court agreed that the Association's enforcement decisions were protected by the business judgment rule, and it issued an order granting summary judgment in favor of both the Association and Llano as to counts III and IV. Because other counts were pending against the Association, the court entered partial final summary judgment on counts III and IV in favor of only Llano and not the Association. This appeal followed.

This court reviews de novo the grant of summary judgment. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.").

While the business judgment rule traditionally applied to protect corporate directors from personal liability in their business dealings, courts may use the rule to evaluate the management decisions of property associations and to avoid second-guessing those decisions. *Hollywood Towers Condo. Ass'n, Inc. v. Hampton*, 40 So. 3d 784, 787 (Fla. 4th DCA 2010). When applying the business judgment rule to the decisions of a property association, the test is: 1) whether the association had the contractual or statutory authority to perform the relevant acts; and 2) if so, whether the board acted reasonably. *Id.* "[C]ourts must give deference to a[n] . . . association's decision if that decision is within the scope of the association's authority and is reasonable—that is, not arbitrary, capricious, or in bad faith." *Id.* The question of reasonableness is an issue

of fact, and for an appellate court to affirm a final summary judgment in favor of an association, the record on appeal must clearly show that the association's actions were reasonable. *See Garcia v. Crescent Plaza Condo. Ass'n, Inc.*, 813 So. 2d 975, 978 (Fla. 2d DCA 2002).

There is no question that the Association had the authority to enforce its use restrictions and did so. The pertinent issue is whether the Association reasonably exercised its business judgment when it approved Llano's garage.[2] The Association took enforcement action by sending a notice of violation to Llano when it learned of the possible issues with his garage. When the Association received the documents from Llano that showed that his garage complied with the Declaration's restrictions, in its business judgment it determined that there were no violations, ceased enforcement proceedings, and approved the structure.

Appellant argues that the trial court could not enter summary judgment based on the business judgment rule because there remained genuine issues of material fact, such as whether Llano's garage had a flat roof or violated the community's height restrictions. In opposition to the motion for summary judgment, appellant submitted an affidavit by another engineer. This engineer concluded that the garage roof was a mansard shape, with two distinct roof planes and an upper roof slope that was "nearly horizontal," and exceeded the maximum height.[3] Appellant further implies that Annuziata improperly influenced the Association to approve the garage based on Llano's "self-serving documents," i.e., the opinion of the construction firm and the email from the county building director. Appellant claims that Annuziata "cut[] deals" to get the garage approved, even though it was not in compliance, and the Association arbitrarily or in bad faith refused to take enforcement action against Llano. Despite appellant's arguments, he offered no evidence of improper influence. *See LeMaster v. Glock, Inc.*, 610 So. 2d 1336, 1338-39 (Fla. 1st DCA 1992) (noting testimony consisting of guesses is inadmissible and proves nothing in the summary judgment context).

We agree with Llano that the business judgment rule applied. And we must look to the circumstances surrounding the Association's exercise of that judgment as they existed when the action was taken, not five years

---

[2] Although the parties debate whether the Association's enforcement of its use restrictions is mandatory or discretionary, we need not resolve this issue because the Association did take enforcement actions against Llano.

[3] Notably, appellant's expert did not specifically conclude that the garage roof was flat.

later. At the time that Llano submitted the information to the board regarding his building's compliance, both from the engineering firm as well as from the Palm Beach County Building Department, the materials showed that the as-built garage was in accordance with the Declaration's restrictions. The Association's own attorney advised the Board to approve the addition. In short, the issues of the garage's height and roof shape were nonmaterial, as the Association acted reasonably by accepting the opinion of the construction firm, the county official, and its own attorney. *See Farrington v. Casa Solana Condo. Ass'n, Inc.*, 517 So. 2d 70, 71-72 (Fla. 3d DCA 1987) ("The 'business judgment rule' will protect a corporation's board of directors' business judgment as long as the board acted in a 'reasonable' manner[.]"); *see Cont'l Concrete, Inc. v. Lakes at La Paz III Ltd. P'ship*, 758 So. 2d 1214, 1217 (Fla. 4th DCA 2000) (noting nonmaterial issues of fact are irrelevant to the summary judgment determination and are not essential to resolving the pertinent legal questions).

Once the Association and Llano presented evidence which showed that there were no genuine issues of material fact as to the Board's exercise of its business judgment, appellant was required to submit sufficient counter evidence to show such an issue, rather than relying on suppositions. *See Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979). Appellant's long after-the-fact challenge to the garage's compliance with the restrictions, through the use of an expert who simply expressed a different opinion, cannot upend the Board's decision to approve Llano's garage.

We therefore affirm the partial final summary judgment in favor of Llano.

*Affirmed.*

CIKLIN, J., and SINGHAL, RAAG, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**