464 So.2d 1287 (1985)
Alexander SMITH, Appellant,
v.
Svetlana SMITH, Appellee.
No. 83-1828.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
*1288 Edward C. Beshara of Leemis & Bolves, Winter Park, for appellant.
Wallace F. Stalnaker, Jr., Casselberry, for appellee.
COWART, Judge.
This case involves the right of a co-tenant to rental from another co-tenant.
In her dissolution complaint the wife prayed for exclusive possession of the marital home or in the alternative that it be partitioned. The final judgment awarded the wife the exclusive possession of the marital home until the youngest child reached the age of eighteen, or the wife remarried, moved out of the house or the house was sold by mutual agreement. During the marriage the title to the house had been held as an estate by the entireties and, upon dissolution of the marriage the parties became tenants in common by virtue of section 689.15, Florida Statutes. The wife remarried on November 27, 1982, and her new husband moved in. By virtue of the occurrence of that condition subsequent the wife's right to exclusive possession of the marital home expired at that time. The ex-husband filed a petition for rule to show cause why the former wife should not be held in contempt[1] and also requested that the wife be ordered to pay rental while she remained in the former marital home. The wife sought to have the former husband held in contempt. After hearing, the court found neither party in contempt but ordered the house sold. The court also denied the husband's motion for rental and the husband appeals citing Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975). We affirm.
Adkins was a partition action, not a contempt proceeding. A motion for a civil contempt order may be a proper method of initiating a proceeding to enforce the provisions of some prior court order but it is not the proper pleading to initiate a partition action. That portion of the final judgment herein that provides that upon the elimination of exclusive possession "the house shall then be sold" is surplusage and somewhat of a gratuity because when the right of exclusive possession by the wife expired *1289 either tenant had the right to have a partition. That right exists by virtue of law (chapter 64, Florida Statutes) and not because of the provision in the final judgment. The circuit court has subject matter jurisdiction to partition jointly owned property when that jurisdiction is invoked by proper pleadings and perfected by service of process but this was not done in this post judgment contempt proceeding. We express no opinion[2] on the husband's right to rental when that matter is properly presented but it is not properly before the trial court on a motion for contempt.
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] According to Henry Trawick, a motion for a civil contempt order properly initiates a civil contempt proceeding, and the former issuance of a rule to show cause has been abolished. See H. Trawick, Practice and Procedure § 27-6 (1983 Ed.); Fla.R.Civ.P. 1.100(b).
[2] If one co-tenant excludes another co-tenant from the use of jointly owned property, the excluded co-tenant would be entitled to damages for the wrongful exclusion. However, it should be noted that joint tenants, and persons occupying jointly owned property under license or permission of a tenant, have rights of non-exclusive possession and normally a joint tenant cannot dispossess or charge for the use of jointly owned property made by another tenant or persons in possession by license or permission of another tenant. As a practical matter the right of a co-tenant under such circumstances is to either make use of the jointly owned property or to seek partition. See Verdier v. Verdier, 313 P.2d 123, 152 Cal. App.2d 348 (1957), cited in note 26 to Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983).