COBB, Judge.
Martin K. Krumsick appeals a dissolution judgment, contending that the trial court erred in awarding rehabilitative alimony, in *96 denying him a special equity in the marital home, and in its arbitrary disposition of personal property. We find no merit as to the first two points, but reverse, in part, as to the third.
There was a sharp dispute at trial in regard to personal property. The husband had inherited numerous items from his mother’s estate; Cheryl Krumsick claimed a number of these items had been given to her as gifts, either by Martin or his mother. Specifically, the wife testified, contrary to her husband, that Martin had given her a mink coat, a diamond ring and a 1975 Mercury automobile as gifts. Both parties submitted various and lengthy lists of personal property that each claimed. With the exception of the mink and the diamond ring, the trial court refused to divide the personal property, stating:
THE COURT: I’m not here to divide up every teaspoon in the house. If you folks can’t agree on division of these things, I think I will just arbitrarily order all of the personal property sold to the best bidder and the proceeds split. This is ridiculous that two grown folks can’t agree on every two-bit thing that’s involved.
The trial judge carried through with this promise in his final judgment, which provided:
12. The Respondent shall have the sole ownership of the diamond wedding ring and mink coat given to her by the Petitioner.
[[Image here]]
14. The personal property located at the marital home and the motorcycles and the vehicles acquired during the marriage shall be sold and the proceeds divided equally between the parties, if the parties cannot agree upon a division of that property within thirty (30) days of the date of this Final Judgment.
We affirm the award of the ring and the coat to the wife, since she testified that they were gifts to her and the trial court apparently believed her. See Marsh v. Marsh, 419 So.2d 629 (Fla.1982). On the other hand, we reverse the trial court’s order in regard to the remaining personalty referred to in Paragraph 14 of the judgment.
A circuit court has subject matter jurisdiction to partition jointly-owned property only when that jurisdiction is invoked by proper pleadings. Smith v. Smith, 464 So.2d 1287 (Fla. 5th DCA 1985); Landay v. Landay, 400 So.2d 43 (Fla. 2d DCA 1981), opinion modified in part, 429' So.2d 1197 (Fla.1983); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972); Banfi v. Banfi, 123 So.2d 52 (Fla. 3d DCA 1960). In the instant case neither party sought partition of the personalty. Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984), cited by the appellee to support the trial court’s order on this point, did not concern a court-ordered sale of property with a division of resulting funds.
Accordingly, we reverse the trial court’s disposition of the personal property, other than the diamond ring and the mink coat, and remand for further proceedings consistent herewith.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and COWART, JJ., concur.