559 So.2d 301 (1990)
SWIM INDUSTRIES CORP., Appellant/Cross-Appellee,
v.
CAVALIER MANUFACTURING CO., INC., Appellee/Cross-Appellant, and
Arnold F. Morris, Gail Morris, and John Perez, Appellees.
Nos. 89-01208, 89-01211 and 89-01214.
District Court of Appeal of Florida, Second District.
March 30, 1990.
Jawdet I. Rubaii, Clearwater, for appellant/cross-appellee.
Stephen O. Cole of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellee/cross-appellant, Cavalier Mfg. Co. and Gail S. Morris, appellee.
John W. Campbell of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee, Arnold F. Morris.
SCHOONOVER, Judge.
The appellant, Swim Industries Corporation, challenges a partial judgment on the pleadings entered in favor of the appellees, Arnold F. Morris, Gail Morris, and John Perez. The appellee Cavalier Manufacturing Company, Inc. has cross-appealed the denial of its motion to vacate a final default judgment entered against it. We find no merit in the cross-appeal and, accordingly, affirm, without further discussion, the trial court's order denying Cavalier's motion to vacate the final default judgment. We, however, find that the trial court erred by entering a partial judgment on the pleadings against the appellant and, accordingly, reverse for further proceedings in connection with the appellant's fourth amended complaint.
The appellant filed a fourth amended complaint containing thirteen counts against the appellees. A final default judgment was entered against Cavalier Manufacturing Company, Inc. Arnold F. Morris filed an answer containing twenty-two defenses. A separate answer was filed by his wife, Gail Morris. The trial court, upon the motions of Arnold F. Morris and Gail Morris, entered a judgment on the pleadings in favor of Gail Morris and John Perez and a partial judgment on the pleadings in favor of Arnold F. Morris. The judgment resolved all of the counts against Arnold F. Morris but the one count concerning trespass. This timely appeal followed.
A motion for a judgment on the pleadings filed pursuant to Florida Rule of Civil Procedure 1.140(c) must be decided wholly on the pleadings and may only be granted if the moving party is clearly entitled to a judgment as a matter of law. In making this determination, all material allegations of the opposing party's pleadings are to be taken as true, and all those of the movants, *302 which have been denied, are taken as false. Farag v. Nat'l Databank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984). See also Shay v. First Fed., Inc., 429 So.2d 64 (Fla. 3d DCA 1983); Krieger v. Ocean Properties, LTD., 387 So.2d 1012 (Fla. 4th DCA 1980). In this case, the appellees did not carry their burden of showing they were entitled to a judgment as a matter of law. After considering the answers and defenses of the appellees as false and accepting the appellant's pleadings as true, several material issues of fact remain in connection with each of the thirteen counts of the appellant's fourth amended complaint. Accordingly, the trial court erred by granting the appellees' motion for a judgment on the pleadings.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and PATTERSON, J., concur.