DIAMANTIS, Judge.
Teresa Turner (the former wife) appeals the non-final order determining that William Turner (the former husband) is entitled to a judgment on the pleadings in an action for partition. We reverse this order because the pleadings raise factual issues which cannot be properly resolved on a motion for judgment on the pleadings.
The marriage of the parties was dissolved on October 26, 1990. In the final judgment of dissolution the trial court noted that the parties owned a marital residence located in Putnam County and that, upon entry of the judgment, the parties would become tenants in common of said property. The judgment provides in part:
[t]he parties agree that the wife shall have exclusive use and possession of the marital residence described above until such time as it is sold. Wife entered into an agreement to purchase the property from her grandfather several years prior to the marriage and paid approximately one-half of the purchase price prior to marriage. Husband should reimburse wife for one-half of all expenses necessary to maintain and protect this asset including, but not limited to, property tax, insurance and repairs. Fair rental value of the marital property is $380 per month. Husband shall be entitled to rent for his interest in the property from the date of this judgment forward in the amount of $190 per month. In the event of sale of the property, the parties shall equally divide the proceeds of said sale.
Neither party appealed the final judgment of dissolution.
The husband subsequently filed a motion requesting leave to file a supplemental pleading for partition of the marital property. The trial court granted the motion. In the petition for partition the husband states that the parties are owners of the marital *766 property as tenants in common, that the property is incapable of division, and that the court should enter an order of partition. In her answer the wife denies the husband’s claim that the property is subject to partition and asserts, as an affirmative defense, that partition is not proper because her right to exclusive use and possession of the marital home has not terminated. The trial court entered judgment on the pleadings in favor of the husband.
A motion for judgment on the pleadings has limited application in that such motion raises only questions of law arising from the pleadings. Venditti-Siravo, Inc. v. City of Hollywood, Florida, 418 So.2d 1251 (Fla. 4th DCA 1982). If the pleadings reveal issues of fact, then a judgment on the pleadings may not be entered. Farag v. National Databank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984); Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975). Additionally, a motion for judgment on the pleadings must be determined only on the pleadings and without the aid of outside matters such as affidavits, depositions or other showings of fact. In considering a motion for judgment on the pleadings all well-pleaded material allegations of the opposing party must be taken as true and all allegations of the moving party which have been denied must be taken as false. Williams v. Howard, 329 So.2d 277 (Fla.1976); Venditti, 418 So.2d at 1253.
Here, the final judgment of dissolution does not clearly set forth the nature of the parties’ agreement concerning the duration of the wife’s exclusive use and occupancy of the marital home. The judgment is unclear as to whether the parties intended for the wife to have temporary possession of the marital home until it is sold and that, if the parties fail to agree concerning the terms and conditions of the sale, the court could then order partition and sale of the property pursuant to Chapter 64 of the Florida Statutes (1991). Neither can it be determined, as a matter of law, that the parties intended that the wife have exclusive use and possession of the marital home until she decides not to occupy it, at which time the property would be placed on the market for sale. Compare Smith v. Moughan, 442 So.2d 338 (Fla. 5th DCA 1983). In Moughan, the parties’ agreement specifically provided that the husband shall have the right to occupy the home and should make all mortgage payments upon the same but that in the event the husband decided not to occupy the home, upon mutually agreeable terms, the husband and wife agreed to sell the property.
The trial court granted the husband’s motion for judgment on the pleadings based upon the authority of Smith v. Smith, 464 So.2d 1287 (Fla. 5th DCA 1985). The ruling in Smith is, however, distinguishable. In Smith, the wife was granted exclusive use and possession of the marital home until one of three contingencies occurred, including her remarriage. Upon the wife’s remarriage, this court in Smith held that her right to exclusive possession of the marital home terminated. In the instant case the final judgment provides that the wife has exclusive use and possession of the marital home “until such time as the property is sold”. The husband’s petition for partition does not aver that the marital home has been sold and the wife’s answer affirmatively alleges that she was awarded exclusive use and possession of the marital home until such time as the property is sold and that no right to partition exists until the right to exclusive use and possession is terminated.
Because the pleadings raise factual matters, entry of a judgment on the pleadings was improper. Accordingly, we reverse the trial court's order granting judgment on the pleadings and remand this cause for proceedings consistent with this opinion.
REVERSED and REMANDED.
W. SHARP and PETERSON, JJ., concur.