SCHOONOVER, Judge.
The appellant, Halton J. Hart, challenges a final judgment holding that the marriage between the appellant and the appellee, Penny A. Hart, was null and void ab initio. We find that the trial court erred in entering a judgment on the pleadings and, accordingly, reverse.
The appellant commenced this action in the trial court by filing a petition seeking to dissolve the parties’ marriage. The appellee answered and filed a counter-petition seeking to have the marriage annulled or declared null and void. After the pleadings were closed, the appehee filed a motion for judgment on the pleadings. The motion was granted and the court entered a final judgment declaring that the marriage was null and void ab initio. This timely appeal followed.
A motion for judgment on the pleadings must be determined on the pleadings. Consideration of the motion allows the trial court to examine the allegations of the bare pleadings and determine whether there are any issues of fact based thereon. If the pleadings themselves reveal that there are no facts to be resolved by a trier of fact, the court may apply the law to the uncontrovert-ed facts and enter a judgment accordingly. Bradham v. Hayes Enters., Inc., 306 So.2d 568 (Fla. 1st DCA 1975). It follows that it is improper for a trial court to enter judgment on the pleadings where factual questions remain. Farag v. Nat’l Databank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984).
The appellee does not contend that the pleadings establish that there is no issue of fact to be decided but instead contends that the trial court was correct because of a stipulation of the parties and because the appellant refused to cooperate in discovery. If the trial court had been asked to rule on a motion for summary judgment it could have properly considered requests for admissions, interrogatories, answers to interrogatories, depositions, affidavits, stipulations, and any other documents permitted to be considered by the rule. Fla.R.Civ.P. 1.510; Bradham. The trial court, however, was considering a motion for judgment on the pleadings, and it must be determined only on the pleadings and without the aid of outside matters such as affidavits, depositions or other showings of fact. Turner v. Turner, 599 So.2d 765 (Fla. 5th DCA 1992). A review of all of the pleadings in this case reflects several issues of fact, and since the trial court is precluded from relying on matters outside the pleadings, the court erred by granting the appel-lee’s motion for judgment on the pleadings. See J & J Utility Co. v. Windmill Village By The Sea Condominium No. I Ass’n, Inc., 485 So.2d 36 (Fla. 4th DCA 1986).
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and GALLEN, THOMAS M., Associate Judge, concur.