675 So.2d 188 (1996)
JOHN ALDEN LIFE INSURANCE COMPANY, a Minnesota Corporation, Appellant,
v.
BENEFITS MANAGEMENT ASSOCIATES, INC., Appellee.
No. 96-60.
District Court of Appeal of Florida, Third District.
May 29, 1996.
Rehearing Denied July 3, 1996.
*189 Alley and Alley, and John-Edward Alley and Edmund J. McKenna, Tampa, Lane, Reese, Aulick, Summers & Field and William S. Reese, Coral Gables, for appellant.
Ford, Domnick, Wolf & Lopez-Albear, and Sean C. Domnick and Patrick Ford, Jr., Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
We reverse the order granting partial summary judgment. The subject order found enforceable a contractual term which provided for a bonus to be negotiated by the parties in the future.[1] We conclude that such a contractual provision was merely an "agreement to agree" in the future about the bonus and hence unenforceable as a matter of law. Suggs v. Defranco's, Inc., 626 So.2d 1100, 1101 (Fla. 1st DCA 1993); Jacksonville Port Auth. v. W.R. Johnson Enters., Inc., 624 So.2d 313, 315 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 629 (Fla.1994); Bee Line Air Transp. Inc. v. Dodd, 496 So.2d 874 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla.1987); see also Metropolitan Dade County v. Estate of Hernandez, 591 So.2d 1124 (Fla. 3d DCA 1992) (finding failure to have reached a settlement agreement where there was no competent substantial evidence that the parties had agreed on an essential term of the contract, namely, whether the consideration was to be $10,000 or $10,500). Compare Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404 (Fla.1974) (finding that contract itself described sufficient method of computing "cash-flow benefits" for court to enforce provision).
Appellee relies in part on Community Design Corp. v. Antonell, 459 So.2d 343, 344-45 & nn. 1, 2 (Fla. 3d DCA 1984), rev. denied, 469 So.2d 748 (Fla.1985), which found a bonus agreement enforceable where the defendant had received the benefit of the plaintiff's performance of a task. In Community Design, the existence of the contract for a bonus was clear, and the amount of the bonus was clearly to be between $20,000 and $35,000. Community Design is inapposite, however, where the award in that case was analogous to quantum meruit for otherwise uncompensated services. Here, the subject bonus would be additional remuneration for services for which John Alden has already paid in full under a contract.
Accordingly, we reverse and remand with instructions that summary judgment be entered in favor of appellant pursuant to its motion in this cause.
Reversed and remanded with instructions.
NOTES
[1] Specifically the subject contractual provision provided in pertinent part that:

Based upon the performance of the SPO, that the independent contractor [appellee] conceptualized and helped develop, a separate bonus payment will be negotiated.