PER CURIAM.
Mr. and Mrs. Claycomb, the appellants, sued their real estate broker, Charles Combs, Jr., individually and d/b/a Sunbelt Realty of Central Florida; his mother, Leath Combs, who was also a real estate agent in her son’s company; and his father, Charles Combs, Sr. The Claycombs’ third amended complaint had three counts: Count I sought a constructive trust on the property at issue and named all three Combses as defendants; Count II was for breach of contract and named Leath and Charles Combs, Jr., only; Count III sought punitive damages and named only Leath and Charles Combs, Jr., again. This appeal concerns only a judgment on the pleadings in favor of Charles Combs, Sr. We reverse.
A summary of the events leading up to the filing of the lawsuit is in order. The facts taken from the face of the complaint show that the Claycombs owned two parcels of property and were facing foreclosure. They listed the properties with Combs, Jr., even extending the listing once, but had little luck with offers except for one which they considered much too low. After the mortgagee bank foreclosed on the properties, a foreclosure sale was held at which the bank was the successful bidder. The bank received a Certificate of Sale for one of the parcels which they assigned to Mr. and Mrs. Combs, Sr., for consideration. A Certificate of Title for this parcel in the names of Leath and Charles Combs, Sr., was issued. The complaint made no allegation that Combs, Sr., knew of the fiduciary relationship between his wife and son and the Claycombs, knew that there were foreclosure proceedings ongoing, or had a fiduciary relationship with the Claycombs himself. Apparently, Combs, Sr., was included in the suit because his name was on the title to the property on which the Claycombs were seeking to impose a constructive trust. The complaint also made no tender of any amount of money to repurchase the property from the Combses, Sr., for the price they paid the bank for it.
A confidential relationship must be established before a constructive trust will be raised. Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 422 (1927). Although imposing a constructive trust is usually done where fraud or breach of confidence has occurred, it is also available where one party has benefited by the mistake of another at the expense of a third party. In re Estate of Tolin, 622 So.2d 988 (Fla.1993). Clearly the Claycombs can establish a confidential relationship with one owner of the property, Leath Combs. However, to survive a motion for judgment on the pleadings, the complaint must also show that a relationship sufficient to ground a constructive trust may be established between the Claycombs and Combs, Sr. We find instructive the following language from Quinn v. Phipps:
[It] is not essential that such confidential relation be predicated on that of husband and wife, parent and child, guardian and ward, attorney and client, principal and agent, or partner and partner, as some of the authorities may seem to imply. The test is whether or not the relation is in fact shown to exist. The origin of the confidence is immaterial, and the relation may be legal, moral, social, domestic, or personal.
Quinn v. Phipps, 113 So. at 422 (emphasis added). Because of the nature of the confidential relationship between realtors and their clients, as well as that between husband and wife, we conclude that there are factual inferences raised in the complaint which were sufficient to survive a motion for judgment on the pleadings. Swim Indus. v. Cavalier Mfg., 559 So.2d 301 (Fla. 2d DCA 1990) (when motion for judgment on pleadings made, after answers and defenses of movant considered false, and after accepting nonmovant’s pleadings as true, if issues of fact remain, error to enter judgment on the pleadings). It may very well be that in proceeding further other undisputed facts may show that the Claycombs are not enti- *525 tied to prevail. At this very early point in the proceedings we cannot so conclude based on the facts and the inferences arising from them in the complaint.
We do note, however, that the Clay-combs are not entitled to prevail on this issue without tendering the purchase price of the property the Combses paid the bank, since the Claycombs nowhere allege any defect in the foreclosure suit itself. Cf. Thomas v. Goodbread, 78 Fla. 278, 82 So. 835 (1919) (mortgagee promised to buy property at execution sale and reconvey it to owner upon payment of purchase price plus interest; when mortgagee reneged, mortgagor placed proper amount into court’s registry, reneging mortgagee held constructive trustee of property for mortgagor).
Reversed and remanded for further proceedings in accord with this opinion.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.