ALTENBERND, Acting Chief Judge.
W. Parlin Lillard, Jr., appeals a judgment on the pleadings entered on his claims *1329 against Robert F. Meyerson. The trial court granted this judgment on the theory that the claims were improper as cross-claims. Although we are inclined to believe that one or more of the causes of action would have been proper as a cross-claim, we reverse because Mr. Lillard’s claims were not subject to dismissal as improper cross-claims at the time they were dismissed.
This action began as a foreclosure action filed by NationsBank in June 1993 concerning an unsuccessful development in Lee County. NationsBank sued various parties including Mr. Lillard and Mr. Meyerson. The two men were involved in a partnership in which Mr. Meyerson was the managing partner and Mr. Lillard was primarily an investor. After NationsBank filed the foreclosure, Mr. Lillard filed cross-claims against Mr. Meyerson in 1994. Mr. Meyerson answered the cross-claims and alleged numerous defenses, but never alleged that the cross-claims were improper and that they should either be severed from the foreclosure or independently filed.
In June 1996, NationsBank resolved its action against Mr. Meyerson. Mr. Meyerson remained a party in the action only because of Mr. Lillard’s pleading. At least from a practical perspective, Mr. Meyerson was only a third-party defendant following his settlement with NationsBank. In January 1997, Mr. Meyerson filed a motion to dismiss or a motion for judgment on the pleadings, arguing for the first time that Mr. Lillard’s cross-claims were not proper cross-claims. He did not argue that the cross-claims failed to state a cause of action — only that the causes of action should have been filed in a separate action.[1] Significantly, those causes of action would be vulnerable to a statute of limitations defense if filed in 1997.
The trial court granted a judgment on the pleadings on March 31, 1997. At that point, a final resolution between NationsBank and Mr. Lillard was imminent. The action between these parties was formally dismissed upon settlement in May 1997, shortly after Mr. Lillard filed the appeal in this case. Thus, on remand, Mr. Lillard will essentially be the plaintiff suing Mr. Meyerson.
We are inclined to believe that one or more of thé counts of the cross-claim were proper within the scope of Florida Rule of Civil Procedure 1.170(g). Moreover, the dismissal is not proper as a judgment on the pleadings because Mr. Meyerson never raised this issue in his pleadings. See Swim Indus. Corp. v. Cavalier Mfg. Co., 559 So.2d 301 (Fla. 2d DCA 1990) (holding motion for judgment on pleadings must be decided wholly on pleadings and may only be granted if moving party is clearly entitled to judgment as matter of law). At most, when he filed this motion, Mr. Meyerson may have been entitled to a severance of these claims to separate them from the foreclosure action in which he no longer had an interest. See Fla. R. Civ. P. 1.270(b). He was not entitled to a dismissal on the basis that Mr. Lillard’s claims were improper cross-claims when filed in 1994.
Reversed and remanded for further proceedings.
QUINCE and GREEN, JJ., concur.

. Although not argued by the parties, the motion to dismiss was not filed within the twenty days allowed under Florida Rule of Civil Procedure 1.140(a) and misjoinder would not appear to be a defense that can be raised at any time under rule 1.140(h). To raise this issue in 1997, Mr. Meyer-son needed to file a motion to amend his answer to the cross-claims.