ON MOTION FOR REHEARING
 

 WELLS, Chief Judge.
 

 The appellees seek rehearing following the issuance of our opinion on July 6, 2011. In order to clarify a minor factual point, we grant rehearing, withdraw our prior opinion, and substitute this opinion in its place.
 

 In this action involving the sale and ownership of real property, Fern P. Clarke, the plaintiff below, appeals from an order granting a motion for judgment on the pleadings entered on a determination that Clarke’s complaint and the exhibits thereto fail to establish that Clarke has any interest to assert in the property at issue. See Fla. R. Civ. P. 1.140(c) (“After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.”). Finding that the trial court applied the incorrect legal standard for reviewing a motion for judgment on the pleadings, we reverse.
 
 See Swim Indus. v. Cavalier Mfg. Co.,
 
 559 So.2d 301, 301 (Fla. 2d DCA 1990) (stating that a Rule 1.140(c) motion “must be decided wholly on the pleadings and may only be granted if the moving party is clearly entitled to a judgment as a matter of law”).
 

 The complaint and its attachments aver the following: the property at issue here is the former marital home of Rodney C. Taylor, Sr. (now deceased) and his former wife, Ruby Taylor. Ruby acquired the home in the divorce from Taylor, Sr., living in it thereafter with their three children, Tiffany, Kandyse and Rodney, II. When Ruby could not pay the mortgage on the home, it “ended up” in the hands of her relatives, Clifford and Mae Henderson. When the Hendersons also encountered difficulty in paying the mortgage, they allegedly approached the former husband, Taylor, Sr., about buying the home. At that time, Taylor, Sr. was in a relationship with the plaintiff, Fern P. Clarke. According to Clarke, it was the parties’ intention that Taylor, Sr. and Clarke would pay off the mortgage on the home, after which Ruby and the three children would continue to live there in return for payment of rent to Taylor, Sr. and Clarke.
 
 [1]
 

 On or about February 5, 2005, a personal check was tendered to the Hendersons for the remainder due on the home’s mortgage ($57,374.68). That same day, the Hendersons attempted to execute a quit claim deed to Taylor, Sr. and Clarke. For the next year, Ruby and the children paid rent on the property to Taylor, Sr. and Clarke. There apparently was no written contract of purchase and sale for the home, nor was there a written lease agreement.
 

 
 *114
 
 In March 2005, Clarke and Taylor, Sr. learned that the quit claim deed provided by the Hendersons had been refused by the Miami-Dade County recording office because only Clifford Henderson had executed it. They subsequently learned that the Hendersons had never cashed the personal check Clarke and Taylor, Sr. had given to them to purchase this property. Thus, on or about May 9, 2005, a cashier’s check was issued for the amount then due on the mortgage ($56,198.12). According to Clarke, although the funds used to satisfy this mortgage came from an account in Taylor, Sr.’s name alone, the funds in the account belonged (at least in some part) to her. This check, unlike the first check tendered, was used to satisfy the Henderson’s mortgage. Thereafter, in December 2005, the Hendersons executed a warranty deed conveying this property to both Clarke and Taylor, Sr. The Miami-Dade County recording office again refused to record the warranty deed, this time allegedly because it was not properly witnessed.
 

 At this juncture, Clarke and Taylor, Sr. hired an attorney who, on July 11, 2006, wrote to the Hendersons advising them of the defect in the warranty deed and enclosing yet another deed (this one drafted by their attorney) conveying the property to Clarke and Taylor, Sr. This deed was never executed. Rather, on August 3, 2006, the Hendersons conveyed the property to Taylor, Sr.’s and Ruby’s three children. Sometime after these events, Taylor, Sr. passed away.
 

 On November 30, 2009, Clarke brought the instant action against the Hendersons and Ruby’s three children, alleging claims for specific performance (Count I), constructive trust (Count II), unjust enrichment (Count III), breach of oral contract (Count IV), civil theft (Count V), fraud in the inducement (Count VI) and fraudulent transfer (Count VII). The defendants, all represented by the same counsel, answered and raised various affirmative defenses, which Clarke denied. The defendants thereafter filed a Rule 1.140(c) motion for judgment on the pleadings, arguing that the claims were barred by the statute of limitations and that Clarke lacked standing to maintain the action because she had failed to establish that she is a real party in interest. Finding that the complaint and the documents attached thereto failed “to establish entitlement to or ownership of the property” by Clarke, the motion was granted.
 

 It is well settled that a Rule 1.140(c) motion for a judgment on the pleadings must be decided wholly on the pleadings — which includes consideration of exhibits attached thereto — and may only be granted if the moving party is clearly entitled to a judgment as a matter of law. See Swim Indus., 559 So.2d at 301; see also Fla. R. Civ. P. 1.130(b) (“Any exhibit attached to a pleading shall be considered a part thereof for all purposes.”);
 
 Shay v. First Fed. of Miami, Inc.,
 
 429 So.2d 64, 65 (Fla. 3d DCA 1983) (considering the “facts asserted in appellants’ complaint and exhibits thereto” in analyzing a Rule 1.140(c) motion for judgment on the pleadings). In making this determination, all material allegations of the opposing party’s pleadings must be taken as true, and all those of the movants, which have been denied, must be taken as false.
 
 See Butts v. State Farm Mut. Auto. Ins. Co.,
 
 207 So.2d 73, 75 (Fla. 3d DCA 1968). “If the pleadings themselves reveal that there are no facts to be resolved by a trier of fact, the court may apply the law to the uncontroverted facts and enter a judgment accordingly.”
 
 Hart v. Hart,
 
 629 So.2d 1073, 1074 (Fla. 2d DCA 1994). However, if factual questions remain, judgment should not be entered. Id.
 

 
 *115
 
 In this case, the allegations of the complaint and the attachments thereto, taken as true, establish that Clarke provided some or all of the funds to satisfy a mortgage on a home titled in the Henderson’s name in exchange for an interest in the home; the Hendersons made two defective attempts to transfer some title interest to Clarke; and, after having failed to successfully transfer title to Clarke, the Hendersons improperly transferred title to Taylor, Sr.’s three children. While these allegations, and the documents which support them, are insufficient to demonstrate a current ownership interest in Clarke as the trial court found, they are sufficient to support a claim for relief to establish such an interest. See Butts, 207 So.2d at 75 (stating that the “test to be applied in [instances such as this] is the same as if defendant were to have moved to dismiss the complaint for failure to state a cause of action”).
 

 Because the complaint and its exhibits allege sufficient facts to state some cause of action entitling Clarke to relief and because the facts alleged (including those stated by the defendants and denied by Clarke) do not as a matter of law entitle the defendants to a judgment, the order granting a judgment on the pleadings must be reversed. See Swim Indus., 559 So.2d at 301 (“A motion for judgment on the pleadings filed pursuant to Florida Rule of Civil Procedure 1.140(c) must be decided wholly on the pleadings and may only be granted if the moving party is clearly entitled to a judgment as a matter of law.”).
 

 Accordingly, the order on appeal is reversed with this cause remanded for further proceedings.
 

 [1]
 

 . It was further alleged that the parties allowed for the possibility that Ruby and/or the children might buy the house from Taylor, Sr. and Clarke at some point in the future.