LAGOA, J.
Terry Glenn (“Glenn”) appeals from an order granting Dawn Roberts’s (“Roberts”) motion for judgment on the pleadings, which found that the residuary estate of the decedent, Barbara Annette French (“French”), must be distributed pursuant to Florida’s intestate statute. We reverse.
I. FACTUAL AND PROCEDURAL HISTORY
On March 20, 2003, French executed a Last Will and Testament (the “Will”). The Will contained the following Article, in relevant part:

THIRD

I hereby give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature, and wheresoever the same may be situate unto my friend, TERRY GLENN, having full confidence he will honor all requests made to him by me prior to my death as to friends whom I desire he benefit.
The Will also contained the following last and final Article:

FIFTH

In the preparation of this, my Last Will and Testament, I have carefully and thoughtfully considered each member of my family and all of my friends, and have not unintentionally omitted any of them, as it is my desire, and I so direct, that only those beneficiaries named herein, share as beneficiary of my probate estate.
French died on July 7, 2010.
Glenn, who was named as personal representative, commenced probate proceedings in the circuit court. Shortly thereafter, Roberts filed a petition seeking to set aside the Will. Roberts claimed that she was French’s only grandchild, and the rightful heir to French’s estate. Relying upon Estate of Corbin v. Sherman, 645 So.2d 89 (Fla. 1st DCA 1994), she argued that the first sentence of the Third Article, which devised the residuary estate to Glenn, was ineffective as a testamentary disposition because it was an oral instruction and did not meet the statutory requirement that a will be in writing. See §§ 731.201(36), 732.502, Fla. Stat. (2002). Roberts asserted that, as a result, the Will was invalid and all of French’s property should be distributed in accordance with Florida’s law of intestate succession.
Roberts subsequently filed a motion for judgment on the pleadings. After a hearing, the trial court granted Roberts’ motion for judgment on the pleadings and ordered French’s residuary property to be distributed pursuant to Florida’s intestacy statutes. This appeal ensued.
II. ANALYSIS
We review a trial court’s order granting a judgment on the pleadings de novo. See Newsome v. GEO Group, Inc., 72 So.3d 168, 170 (Fla. 4th DCA 2011). A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to a judgment as a matter of law. See Clarke v. Henderson, 74 So.3d 112, 114 (Fla. 3d DCA 2011); Cuccarini v. Rosenfeld, 76 So.3d 328, 330 (Fla. 3d DCA 2011).
As always, the polestar of will interpretation is the testator’s intent, which is “ascertained from the four corners of the document through consideration of ‘all the provisions of the will taken together, rather than from detached portions or any particular form of words.’ ” Bryan v. Dethlefs, 959 So.2d 314, 317 (Fla. 3d DCA 2007) (quoting Sorrels v. McNally, 89 Fla. 457, 462-63, 105 So. 106, 109 *273 (1925)). Accord Diana v. Bentsen, 677 So.2d 1374, 1377 (Fla. 1st DCA 1996) (“In construing a will, the whole instrument must be considered, and a review of the entire testamentary scheme must be undertaken”) It is also settled that the law favors any reasonable construction of a will over intestacy. See In re Gregory’s Estate, 70 So.2d 903 (Fla.1954); In re Smith, 49 So.2d 337 (Fla.1950); Wehrheim v. Golden Pond Assisted Living Facility, 905 So.2d 1002 (Fla. 5th DCA 2005).
We conclude that the trial court erred in granting Roberts’s motion for judgment on the pleadings. Although the trial court did not articulate the basis for its decision in either a written order or at the hearing, the only argument presented by Roberts below in support of her motion was that the Third Article constituted an unauthorized oral will, and that, as in Estate of Corbin v. Sherman, 645 So.2d 39 (Fla. 1st DCA 1994), the Will therefore must be invalidated as ineffective. However, a review of the unambiguous language of French’s Will makes clear that it does not constitute an oral will and that Corbin does not apply here.
In Corbin, the will at issue contained the following provision: “FIRST: I give, bequeath and devise all of my estate of whatsoever kind and nature and wherever located to BETTY GUY SHERMAN to dispose of as she has been instructed to do by me.” 645 So.2d at 40. On appeal, the appellants argued, among other things, that the trial judge erred in his construction of the will and in ordering distribution thereunder. Id. at 41. The First District agreed, concluding that the will failed to effectively devise the property to designated beneficiaries and that intestacy resulted. Id. at 42. In reaching its conclusion, the First District determined that the will unambiguously attempted to devise the decedent’s property to Sherman, for Sherman to distribute according to oral instructions from the decedent. Because Florida does not recognize oral wills or provide for incorporation of oral instructions, intestacy resulted. Id.
Here, unlike in Corbin, the language in French’s Will is merely precato-ry, and not mandatory.[1] In Corbin, the language at issue was clearly mandatory as it referenced oral instructions for the distribution of property (“to dispose of as she has been instructed”). Because it mandated the distribution of the decedent’s estate pursuant to oral instructions, it constituted an unauthorized oral will. In contrast, the language here does not mandate Glenn to distribute the residuary estate according to instructions from French, but rather, simply expresses French’s hope that Glenn will honor all of her “requests.” In other words, the unambiguous language of the Third Article devises the entire residuary estate to Glenn, who then has the discretion to honor French’s requests. Cf. Lines v. Darden, 5 Fla. 51 (1853) (“The words ‘will and desire,’ are not necessarily mandatory, nor does the question turn upon their grammatical construction.... Their import and signification depends not so much as to whom they are addressed, as the intention of the party using them.... ”); Diana, 677 So.2d at 1378 (concluding that provision in will that “request” stock be sold was not mandatory; “the crucial question remains the intent of the testator as made manifest *274 in the will as a whole”); In re Estate of Fresia, 390 So.2d 176 (Fla. 5th DCA 1980) (stating rule that depending upon the intent of the testator, precatory words are sometimes mere recommendations and are sometimes mandatory).
In construing the Will as a whole, we find further evidence that it was French’s intent to devise her residuary estate to Glenn without limitation from the express language of the Will’s final provision. The Fifth Article states as follows:
In the preparation of this, my Last Will and Testament, I have carefully and thoughtfully considered each member of my family and all of my friends, and have not unintentionally omitted any of them, as it is my desire, and I so direct, that only those beneficiaries named herein, share as' beneficiary of my probate estate.
The Fifth Article establishes that: (1) French disinherited her family, among whom Roberts claims to be a member, and did not unintentionally omit them; and (2) the only beneficiaries of French’s estate are those named in the Will, i.e., Glenn and his wife Pearl.
Accordingly, because we find that the trial court erred in finding that the Will at issue was an oral will, we reverse the trial court’s order invalidating the Will and remand with directions to enter judgment finding that Glenn is the sole beneficiary under French’s Will.
Reversed and remanded.

. Because Glenn survived French, we do not address Roberts's arguments concerning the second sentence of the Third Article which provided that in the event Glenn predeceased French, or did not survive distribution of her estate, the residuary estate was devised to Glenn's wife, Pearl, "having equal confidence that she will likewise follow my directives expressed to her and her husband prior to my death.”