# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-436
Lower Tribunal No. 14-26490
_____

**Piero Salussolia, P.A., etc.,**
Appellant,

vs.

**Gianni Nunnari and Hollywood Gang Productions, LLC, etc.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Becker & Poliakoff, P.A., and Jon Polenberg, Jude C. Cooper, and Yasin Daneshfar (Fort Lauderdale), for appellant.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander, Brian C. Tackenberg, and George R. Baise Jr.; Jason B. Giller, for appellees.

Before ROTHENBERG, LAGOA, and EMAS, JJ.

ROTHENBERG, J.

The plaintiff below, Piero Salussolia, P.A. ("the law firm"), appeals from the

trial court's order granting the defendants', Gianni Nunnari and Hollywood Gang Productions, LLC (collectively, "the clients"), motion for judgment on the pleadings as to all counts of the complaint. We affirm the portion of the trial court's order granting judgment on the pleadings as to the law firm's claim against the clients for payment of a "success fee." However, because we conclude that the complaint sufficiently pleads a cause of action for breach of contract for legal services rendered by the law firm under the retainer provision of the Attorney/Client Engagement Agreement ("the Agreement"), or in the alternate for quantum meruit, we reverse that portion of the order granting judgment on the pleadings as to the portion of Count I pertaining to fees for services under the retainer provision of the Agreement and Counts II and III.

After a $13,200,000 judgment was entered against the clients, the clients retained the law firm to appeal the judgment, negotiate a settlement with the judgment creditors for a reduced amount, and/or pursue other measures to offset the judgment amount. The clients and the law firm entered into the Agreement, which contains two separate fee provisions—a monthly retainer fee provision to offset the fees incurred during the litigation and a success fee provision.[1]

---

[1] The success fee provides as follows:

> 2. <u>Success Fee.</u> A success fee of a percentage, **to be agreed upon amongst the parties hereto,** based on the amount by which Client's Judgment amount is reduced will be charged as a success fee *NOT TO EXCEED 1 MILLION*. For example, if Client owes $10,000.00 on the Judgment and through the Appeal and/or the Settlement, that amount

The law firm filed a three-count complaint, seeking damages against the clients under three alternative theories—breach of contract (Count I), open account (Count II), and quantum meruit (Count III). The law firm alleged in its complaint that it performed under the Agreement by negotiating a settlement with the judgment creditors that reduced the judgment by millions of dollars. The law firm further alleged that despite the law firm's performance under the Agreement and the tendering of invoices for the fees due under the Agreement, the clients have failed to pay a success fee or to fully compensate the law firm for its services under the Agreement.

The clients filed their answer, affirmative defense, and a counterclaim. The counterclaim seeks disgorgement of attorney's fees paid to the law firm and an equitable accounting. Thereafter, the clients filed a motion for judgment on the pleadings. Following a hearing, the trial court granted the motion as to all three counts, finding that the law firm's "claims are unsupportable, most significantly based upon <u>John Alden Life Ins. Co. v. Benefits Management [Associates], Inc.</u>, 675 So. 2d 188 (Fla. 3d DCA 1996)." This appeal followed.

> <u>"[I]n ruling on a defendant's motion for judgment on the pleadings, all the</u>
> is reduced to $6,000.00 saving Client $4,000.00, then the Firm success fee shall be **a percentage** of $4,000.00. Success fee shall be payable to the Firm immediately upon termination of the Appeal and/or the full execution of the Settlement Agreement.

(emphasis in bold; handwritten provision in italics).

3

allegations set forth in the complaint must be taken as true and all the allegations in the answer, which are automatically denied, must be accepted as false." Tanglewood Mobile Sales, Inc. v. Hachem, 805 So. 2d 54, 55 (Fla. 2d DCA 2001). Further, "[a] motion for a judgment on the pleadings should only be granted if the moving party is entitled to a judgment as a matter of law." Briarwinds Condo. Ass'n v. Rigsby, 51 So. 3d 532, 533 (Fla. 3d DCA 2010).

A review of the complaint and the Agreement, which was attached to the complaint in the instant case, reflects that the law firm's claims are based on the clients' alleged failure to pay fees due under the Agreement—the fees for legal services rendered by the law firm under the retainer provision and a success fee. We agree with the trial court's finding that the success fee provision, which fails to include essential terms, is unenforceable. See John Alden, 675 So. 2d at 189 (holding that a contractual provision to negotiate a bonus payment in the future "was merely an 'agreement to agree' in the future about the bonus and hence unenforceable as a matter of law"). However, as to the law firm's claims based on the alleged unpaid attorney's fees due under the retainer provision, we find that the allegations in the complaint were sufficiently pled to withstand the motion for judgment on the pleadings. Accordingly, we affirm the order under review as it pertains to the success fee, but reverse the order under review as it pertains to the alleged unpaid attorney's fees due under the retainer provision of the Agreement.

Affirmed in part, reversed in part, and remanded for further proceedings.