# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2304
Lower Tribunal No. 11-26116
_____

**Miguel V. Perez Escalona,**
Appellant,

vs.

**City of Miami Beach,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

G. William Allen, Jr. (Fort Lauderdale), for appellant.

Raul J. Aguila, City Attorney, and Robert F. Rosenwald, Jr., First Assistant City Attorney, for appellee.

Before LAGOA, SALTER and SCALES, JJ.

SCALES, J.

Appellant Miguel V. Perez Escalona worked as an engineer and project coordinator for Appellee City of Miami Beach. After the City terminated his

employment, Perez Escalona sued the City under Florida's Whistle-blower's Act, section 112.3187 of the Florida Statutes. Perez Escalona maintained that his termination was a retaliation for his reporting his concerns about a City water line construction project for which he served as project coordinator.

The trial court entered judgment on the pleadings in favor of the City, holding that the pleadings conclusively established that Perez Escalona had failed to report his complaints in compliance with section 112.3187(6). This provision requires that, for his or her complaint to be actionable, a whistleblower must have notified either the City Manager, as chief executive officer of the City, or another "appropriate local official" of the City. § 112.3187(6), Fla. Stat. (2011). While Perez Escalona concedes that he did not notify the City Manager, he alleges in his amended complaint that he emailed his fellow engineers in the City's Public Works Department to express his concerns about safety and environmental issues at the construction site, and that these colleagues each were an "appropriate local official" pursuant to the statute. The City denies these allegations in its answer to Perez Escalona's amended complaint.

We review de novo a judgment on the pleadings. Glenn v. Roberts, 95 So. 3d 271, 272 (Fla. 3d DCA 2012). A "motion for judgment on the pleadings must be decided wholly on the pleadings" and is granted only if the pleadings establish that the movant is entitled to judgment as a matter of law. Clarke v. Henderson, 74

So. 3d 112, 114 (Fla. 3d DCA 2011). In determining whether the movant is entitled to judgment on the pleadings, all allegations in the non-moving party's complaint must be taken as true and all allegations in the moving party's answer, which have been denied, must be taken as false. Salussolia v. Nunnari, 215 So. 3d 156, 157 (Fla. 3d DCA 2017).

For the City to prevail at this stage of the proceedings, the pleadings would have to establish as a matter of law that none of the three engineers who received Perez Escalona's emailed report was an "appropriate local official" (i.e., one authorized to receive, investigate and process a whistleblower's complaint) under section 112.3187(6). See Igwe v. City of Miami, 208 So. 3d 150, 153-54 (Fla. 3d DCA 2016); Cummins v. Lake Cty. Bd. of Cty. Comm'rs., 671 So. 2d 893, 893 (Fla. 5th DCA 1996); Op. Att'y Gen. 99-07. Indeed, our de novo review of the pleadings identifies this very issue as a disputed one that cannot be determined on the pleadings alone.

We, therefore, reverse the trial court's judgment on the pleadings and remand for further proceedings.

Reversed and remanded.