# Third District Court of Appeal
## State of Florida

Opinion filed January 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-697
Lower Tribunal No. 19-11245
_____

**Vincenzo Bruno, et al.,**
Appellants,

vs.

**Thomas Drechsler, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Sniffen & Spellman, P.A., and Robert J. Hauser (West Palm Beach), for appellants.

Venable LLP, and Aaron S. Blynn, Jonathan E. Perlman and Avi Zemel, for appellees.


Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. Escobar v. Marino, 342 So. 3d 748, 748 (Fla. 3d DCA 2022) ("We review the denial of a motion to vacate a default under an abuse of discretion standard." (quoting Universal Prop. & Cas. Ins. Co. v. Dimanche, 338 So. 3d 408, 412 (Fla. 3d DCA 2022)); Schwartz v. Bus. Cards Tomorrow, Inc., 644 So. 2d 611, 611 (Fla. 4th DCA 1994) ("[I]n setting aside a default, the trial court must determine inter alia (1) whether the defendant has demonstrated excusable neglect in failing to respond; (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief."); Techvend, Inc. v. Phoenix Network, Inc., 564 So. 2d 1145, 1146 (Fla. 3d DCA 1990) ("[I]t is uncontradicted that the defendant-appellant did not move to set aside the judgment until more than three months after it became aware of its existence . . . [i]t is entirely clear that such a delay constituted a lack of the due diligence which is required to justify setting aside a default."); Kraus v. Kraus, 344 So. 3d 634, 635 n.1 (Fla. 3d DCA 2022) ("We review a trial court's order denying a motion for judgment on the pleadings de novo."); Perez Escalona v. City of Miami Beach, 227 So. 3d 722, 724 (Fla. 3d DCA 2017) ("A motion for judgment on the pleadings must be decided wholly on the pleadings and is granted only if the pleadings establish that the movant

2

is entitled to judgment as a matter of law.") (internal quotations omitted); Kraus, 344 So. 3d at 635 ("The trial court properly denied the [party's] motion for judgment on the pleadings.") (footnote omitted).