# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-2048
Lower Tribunal No. 2024-CA-000333

_____

ROGER SALAZAR,

Petitioner,

v.

STEPHANIE ORTIZ,

Respondent.

_____

Petition for Writ of Certiorari to the Circuit Court for Hardee County.
Brandon J. Rafool, Judge.

March 17, 2026

GANNAM, J.

Roger Salazar, pro se, petitions the Court for a writ of certiorari quashing the trial court's order granting Stephanie Ortiz's motion for judgment of partition and ordering the sale of the home Salazar and Ortiz jointly own, without ruling on Ortiz's motion to dismiss or requiring her to answer Salazar's counterclaim for breach and specific performance of Ortiz's agreement to sell her interest in the home to Salazar. We have jurisdiction because Salazar's loss of his alleged contractual right to buy the home is a material injury that cannot be remedied on appeal, and we grant the

petition because the trial court's premature judgment of partition departed from the essential requirements of the law. *See State v. Lobato*, 394 So. 3d 1219, 1221–22 (Fla. 6th DCA 2024) (explaining certiorari relief requires "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on a plenary, direct appeal," and the "second and third prong, termed irreparable harm, are jurisdictional requirements considered in tandem"); *Bermont Lakes, LLC v. Rooney*, 980 So. 2d 580, 585–86 (Fla. 2d DCA 2008) ("[M]oney damages are considered an inadequate remedy at law to a purchaser of land because all land is considered unique. Accordingly, we find that the jurisdictional requirements for certiorari have been met . . . ." (citation omitted)).[1]

Salazar and Ortiz jointly purchased the home as a couple, but Salazar has lived in the home without Ortiz since their separation. Ortiz sued Salazar for partition, seeking to force the sale of the home and their division of the proceeds. Salazar counterclaimed, alleging Ortiz's anticipatory breach of an oral contract to sell her interest in the home to Salazar, under which Salazar has paid most of the agreed

---

[1] The judgment, disposing of a cause of action for partition by ordering the sale of real property, would be a final, appealable order if the cause of action was "not interdependent with" the several causes of action in Salazar's counterclaim that remain pending. Fla. R. App. P. 9.110(k); *Morrison v. Smolarick*, 334 So. 3d 675, 676 (Fla. 2d DCA 2022) ("A partition order directing the sale of property is final even when the court retains jurisdiction 'for the purpose of adjusting, by a further decree, the accounts between the parties.'" (quoting *Camp Phosphate Co. v. Anderson*, 37 So. 722, 726 (Fla. 1904))).

purchase price and stands ready to pay the balance due. Salazar's counterclaim also alleges that he has maintained and made valuable improvements to the home while also making mortgage and insurance payments and paying real property taxes.

Ortiz filed a motion to dismiss the counterclaim, but she did not set the motion for hearing before also filing a motion for judgment of partition. The trial court heard and granted the motion for judgment of partition without ruling on Ortiz's motion to dismiss the counterclaim, basing its judgment on Ortiz's "entitle[ment] to a partition of the Property as a matter of right under Florida Statutes § 64.051," and citing *Rose v. Hansell*, 929 So. 2d 22, 22 (Fla. 3d DCA 2006) ("The general rule is that partition is a matter of right, but there are rare exceptions.").[2] The court ostensibly addressed Salazar's counterclaim for specific performance of his unwritten agreement with Ortiz by concluding that Salazar failed to provide evidence of a "written agreement to buyout or purchase [Ortiz's] interest in the real property," citing the statute of frauds.[3]

---

[2] Section 64.051, Florida Statutes (2025), provides, in pertinent part:

> When the rights and interests of plaintiffs are established or are undisputed, the court may order partition to be made, and the interest of plaintiffs and such of the defendants as have established their interest to be allotted to them, leaving for future adjustment in the same action the interest of any other defendants.

[3] The trial court quoted section 689.01(1), Florida Statutes (2025), requiring the conveyance of an interest in real property to be effected by "an instrument in

The trial court departed from the essential requirements of the law in several ways. First, Ortiz's motion for judgment of partition was not a motion for summary judgment under rule 1.510, in name or substance. Thus, the trial court effectively granted judgment on the pleadings before the pleadings were closed—i.e., while Ortiz's motion to dismiss Salazar's counterclaim was pending and the counterclaim was otherwise unanswered. *See* Fla. R. Civ. P. 1.100(a) ("There must be . . . an answer to a counterclaim denominated as such . . . ."); Fla. R. Civ. P. 1.140(c) ("After the pleadings are closed . . . any party may move for judgment on the pleadings."); *Davis v. Davis*, 123 So. 2d 377, 380 (Fla. 1st DCA 1960) ("It is evident from a literal reading of the rule that it is not available to either party until after the pleadings are closed. Pleadings in a civil action are not closed until after the complaint and counterclaim, if any, have been answered by the opposing party.")

Second, the trial court based its judgment, in part, on Salazar's failure to adduce evidence in opposition to partition and in support of his counterclaim. But "a motion for judgment on the pleadings must be determined only on the pleadings and without the aid of outside matters such as affidavits, depositions or other showings

---

writing, signed in the presence of two subscribing witnesses by the party . . . conveying . . . such . . . interest." But the section applicable to *contracts* for the conveyance of an interest is section 725.01, Florida Statutes (2025), providing, "No action shall be brought . . . to charge any person . . . upon any contract for the sale of lands . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith . . . ."

4

of fact." *Turner v. Turner*, 599 So. 2d 765, 766 (Fla. 5th DCA 1992). A judgment on the pleadings may only resolve questions of law on the face of the pleadings and is not available where the pleadings reveal issues of fact. *Id.* "[A]ll well-pleaded material allegations of the opposing party must be taken as true and all allegations of the moving party which have been denied must be taken as false." *Id.*

Third, the trial court also based its judgment, in part, on the statute of frauds and the absence of a written agreement for the conveyance of Ortiz's interest in the home to Salazar. But partial performance of an oral agreement for the conveyance of real property, as alleged by Salazar, is a long-recognized exception to the writing requirement. *See Miller v. Murray*, 68 So. 2d 594, 596 (Fla. 1953) ("In addition to establishing the fact that an oral contract for sale was made, proof must be submitted as to the following: payment of all or part of the consideration, whether it be in money or in services; possession by the alleged vendee; and the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor—or, in the absence of improvements, the proof of such facts as would make the transaction a fraud upon the purchaser if it were not enforced.").

Given that the pleadings were not closed and revealed issues of fact, including Salazar's part performance and Ortiz's breach of an oral agreement for the conveyance of Ortiz's interest in the home to Salazar, Ortiz's right to partition was neither established nor undisputed under section 64.051, and the trial court departed

5

from the essential requirements of the law in granting Ortiz's motion for judgment of partition.[4] We grant the petition for writ of certiorari and quash the judgment of partition.

PETITION GRANTED; WRIT ISSUED.

WOZNIAK, J., concurs.
SMITH, J., dissents, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

SMITH, J., dissenting, with opinion.

While I do not take issue with the majority's analysis, I do not believe those arguments were properly presented to this Court in Mr. Salazar's petition, and would, therefore, deny the petition on that ground.

_____

Roger Salazar, Wauchula, pro se.

Ydelmis Cutino, of Gilbert Garcia Group, P.A., Tampa, for Respondent.

---

[4] The dissent argues our reaching the merits of Salazar's petition violates the party presentation principle, but our decision is confined "to the issues raised in the briefs." *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019).

6